### VIGERS ET AL. *vs.* SAINET.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

An unincorporated association was formed, of the stockholders of the steamer Cuba, which appointed commissioners, with authority to raise money, on pledge, bottomry, or mortgage, and they executed their note for five thousand dollars, on the hypothecation of the boat, which was negotiated, and the holder sued the defendant alone, as one of the stockholders; *Held,* that he was liable as such, individually, for the amount of the note.

Stockholders, in unincorporated companies, are liable in the same manner as other partnerships. So, partnerships or unincorporated companies, for the purchase and sale of personal property, and for carrying it for hire in ships or other vessels, are commercial partnerships, and the stockholders are liable *in solido* for the debts of the company.

This is an action to recover from the defendant, as a stockholder or co-proprietor of the steam ship Cuba, the amount of the following note given by the commissioners appointed by the company to raise money and act as its agents.

"NEW-ORLEANS, October 26th, 1837.

Six months after date, the commissioners of the stockholders of the steam ship Cuba, promise to pay to the order of John Whitehead, president of the Eagle Insurance Company, five thousand dollars, value received."

[Signed by the commissioners, and endorsed by the payee.]

On its face the note was paraphed, *" ne varietur* ; secured <span>Eastern Dist.</span> by mortgage, by act of even date herewith." <span>*April*, 1839.</span>

F. Grima, *Notary Public.*"

<span>Vigers et al.
*vs.*
Sainet.</span>

When the note became due, it was not paid, and the plaintiffs, as holders, sued the defendant, as one of the stockholders, for the amount of the principal, interest and costs.

The defendant averred, that he could not be sued in the form and manner stated in the petition, he not being one of the subscribers to the note sued on ; and that the steamer Cuba was not owned by a commercial partnership.

The cause was on these issues tried by the court.    It was shown by the evidence that the steam ship Cuba was owned by an unincorporated company or association of individuals, as stockholders, and that the defendant was a stockholder in said company.    It also appeared that Placide Forstall, Michael Moore, and Joachim Kohn, were duly appointed commissioners, with plenary powers to raise money, and hypothecate the steam ship Cuba for the payment thereof, and that they did borrow the sum expressed in the note sued on, from the Eagle Insurance Company, and hypothecated the vessel accordingly, which money so raised was for the use of the company.

In pronouncing judgment, the district judge summed up the case as follows :

" The Cuba was built by subscription, and was run as a packet between New-Orleans and Havana, by the subscribers.    Three commissioners, selected by the stockholders or co-proprietors from among themselves, managed the concerns of the vessel, and signed the obligation sued on.

The partnership thus formed and carried on was a commercial one ; the Cuba being employed in carrying personal property for hire.    *Louisiana Code, article* 2796.

It is contended by the defendant, that the partnership was of that kind styled by our code, a partnership *in commendum.* But I am unable to perceive any feature of such a partnership in the present case.    It neither answers the definition as given in article 2810, nor has it been clothed with the forms required by article 2817.

EASTERN DIST.
*April*, 1839.

VIGERS ET AL.
*vs.*
SAINET.

I conclude, therefore, in conformity to article 2816, that the defendant is bound for the debt sued upon, jointly and severally with his co-partners in the steam ship Cuba.

It is, therefore, ordered, adjudged and decreed, that Wm. F. Vigers & Company recover of Emile Sainet five thousand and three dollars, with legal interest on five thousand dollars from the 28th April, 1838, until paid, and costs."

From this judgment the defendant appealed.

*Lockett* and *Micou*, for the plaintiffs.

*Canon, contra.*

*Eustis, J.,* delivered the opinion of the court.

The plaintiffs sue as the holders of a promissory note, signed by Placide Forstall, Michael Moore, and Joachim Kohn, commissioners ; in the body of the note, they are described to be the commissioners of the stockholders of the steam ship Cuba. The petition charges, that the defendant, as one of the stockholders, is liable for the amount of the note, as the commissioners had authority to give notes for, and bind the stockholders by contract, and that the stockholders and owners of the steamer Cuba constitute under our laws a commercial partnership. The defendant is sued alone, and is sought to be made liable for the whole amount of the debt.

The defendant denied that he could be sued in the manner and form stated in the petition, he not being one of the subscribers to the promissory note sued on, and the Cuba not belonging to a commercial partnership.

On these pleadings judgment was rendered for the plaintiffs, and the defendant has appealed.

It appears that an unincorporated association existed in this city, of whom the three signers of the note in question were commissioners ; they were authorized to receive a title to the steamer Cuba, which had been previously purchased, and were authorized to borrow the requisite money to meet the obligations of the company, on pledge, bottomry or mortgage.

They borrowed the amount of the note sued on, (five thousand dollars,) from the Eagle Insurance Company, on an hypothecation of the boat, and this note was delivered to the creditor, from whom the plaintiff received it.

The defendant was a stockholder in the company, and the commissioners were authorized to issue the note, and the defendant is bound by it : the question is, to what extent ?

Unincorporated companies are on precisely the same footing, as to the liabilities of the parties, as other partnerships. *Gow on Partnership, pages 2 and* 19. Partnerships for the purchase and sale of personal property, and for carrying personal property for hire in ships or other vessels, are commercial partnerships, by our laws. *Louisiana Code,* 2796. It appears by the books of the company, that they bought and sold fruit, an usual article of commerce between this port and the Havana, between which ports the steamer Cuba plied, and that part of their earnings were from freight.

On this evidence, we are bound to consider the partnership as a commercial one, and the stockholders bound *in solido* for the debts of the company.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.

*Eastern Dist.*
*April,* 1839.

Stockholders in unincorporated companies are liable in the same manner as other partnerships. So, partnerships or unincorporated companies for the purchase and sale of personal property, and for carrying it for other vessels, are commercial partnerships, and the stockholders are liable *in solido* for the debts of the company.