## County Court—Kings County.

April, 1905.

# THE PEOPLE v. MICHAEL HERZOG ET AL.

(47 Misc. 50.)

1. INDICTMENT—FORGERY—THIRD DEGREE—PENAL CODE 515—FALSE ENTRY IN ACCOUNT OF CORPORATION.

An indictment for forgery in the third degree, in making a false entry in the accounts of a corporation, need not state that by such books or accounts or entries therein, a pecuniary demand or obligation is or purports to be or to have been created, increased, discharged, etc., but the mere false entry in such book with intent to defraud is made a crime.

2. SAME.

An indictment for forgery in the third degree is good which alleges that the defendant, with intent to defraud, made a false entry in a book of account belonging to and appertaining to the business of a corporation, stating and describing the entry, book of account and corporation with such fullness and definiteness as to fairly apprise the defendant of the charge made against him and the specific act which it is alleged he committed, constituting a crime under the section.

3. SAME.

An indictment which alleges that defendants, with intent to defraud the city, entered upon the Dump Sheet a writing used by the city to record the loads of snow removed for its account, that H. had removed 108 loads, for which $35 was due him, which entries were knowingly false, is good and sufficient as charging forgery in the third degree.

DEMURRER to an indictment. The opinion states the case.

John F. Clarke, District Attorney, and Robert H. Elder, Assistant District Attorney, for People.

Thomas C. Whitlock, for defendants.

---

* See a conviction for receiving stolen goods where the goods consisted of these snow removal tickets, which were held to be instruments for the payment of money under § 528, Penal Code, and hence the subject of larceny. People v. Fletcher, 110 App. Div. 231; *infra*, p. 558.

CRANE, J.: The above defendants have been indicted under section 515 of the Penal Code for forgery in the third degree, in having with intent to defraud, made a false entry in the accounts of a corporation. The indictment alleges that " on the 5th day of January, 1905, at the Borough of Brooklyn, in the county of Kings, the said Michael D. Herzog and Theodore Jacobson, did, with intent to defraud a municipal corporation, to wit, the City of New York, make a false entry in an account, record and writing belonging to and appertaining to the business of such municipal corporation, which said account, record and writing is commonly known as and called Foreman's or Dump Sheet, the same purporting to show the number of loads of snow and ice received from District No. 1, Gang No. 2, during the day ending at 5:30 o'clock P. M., January 5, 1905, for and on account of said municipal corporation, that is to say, they the said Michael D. Herzog and Theodore Jacobson did then and there wilfully and with felonious intent to defraud said municipal corporation, enter and caused to be entered in and upon said Foreman's or Dump Sheet, certain words, figures and letters which purported to certify and declare that on the day and year aforesaid one John Hanna, of No. 815 Classon avenue, Brooklyn, had employed in and with said district and gang for and on account of said municipal corporation, five trucks with horses in the removal of snow and ice from the streets of said Borough of Brooklyn, and had with and by means of said five trucks and said horses and with said district and gang removed one hundred and eight loads of snow and ice from the streets of said Borough of Brooklyn for and on account of said municipal corporation, and that said corporation was then and there, for and on account of said services, justly indebted to the said John Hanna at the rate of seven dollars for each truck so employed by the said John Hanna, as aforesaid, amounting to the sum of thirty-five dollars." Then follow allegations

that said entry was false, that no such horses or trucks were employed or used, no such snow removed and the municipality not indebted to John Hanna for any such services, all of which was known to the defendants who made such entries to defraud the city.

This indictment has been demurred to on the ground that the acts charged in the indictment do not constitute a crime, and three defects are specified.

*First.* It fails to set forth the writing called a Foreman's or Dump Sheet alleged to have been forged and altered.

*Second.* It does not contain an allegation that said Foreman's or Dump Sheet, alleged to have been forged and altered, if genuine, would have created any liability upon the part of the city to pay John Hanna the amount stated therein to be due him or that the city authorities would, if said Dump Sheet had been valid, have paid to John Hanna the amount stated therein as due him or that it was customary for the city authorities to consider the amount stated in said Dump Sheet to be due the various contractors as a valid claim against the city and a claim which it was a practice of the city to pay.

*Third.* It fails to state the reason for not setting forth the tenor of the instrument alleged to have been forged.

Taking up the second objection first, is there sufficient alleged in the indictment as above set out to show that the Foreman's or Dump Sheet is an instrument or writing capable of forgery? Counsel for the defendants claims that forgery can only be committed when the instrument alleged to be forged or altered, would if genuine be a legal or operative instrument. This expression has been used in cases where it appeared upon the face of the indictment and from the copy of the alleged forged instrument that it could not have been valid even if genuine. As said in Cunningham v. People, 4 Hun, 455, " If the instrument be invalid on its face, it can not be the subject of forgery because it has no legal tendency to effect a fraud." And by

Justice Cowen in People v. Thall, 9 Cow. 788, " void things are as no things." And again, " In all cases the instruments forged were, as far as we can see, apparently available for the purposes intended, to acquire or defeat some right or to work a prejudice, and we have seen that in two of the cases the papers not being prejudicial on their face, the defect is supplied by averment or recital showing how they might be made to act injuriously by reason of matter *aliunde.*" See also People v. Drayton, 168 N. Y. 10; 16 N. Y. Crim. 1. In People v. Stearns, 21 Wend. 409, it was stated that " The indictment must show the forgery of an instrument which, on being described, appears on its face naturally calculated to work some effect on property; or if it be not complete for that purpose, some extrinsic matter must be shown whereby the court may judicially see its tendency."

Wharton in his work on Criminal Law, after quoting Blackstone's definition of forgery as " the making or altering of a writing to the prejudice of another's rights," says, " It is enough if the forged instrument be apparently sufficient to support a legal claim directly or indirectly (§ 691) or can be used as proof either perfect or imperfect in a suit with another." He expresses the same matter differently in section 739 by saying, " Unless the instrument forged appears by the indictment to be capable of being used as legal proof at some time or in some way or at some place the indictment is bad."

False entries in books of account, journals, passbooks of banks and the like, made with intent to defraud, were forgeries at common law. Biles v. Commonwealth, 32 Penn. St. 529; Barnum v. State, 15 Ohio, 717; Reg. v. Smith, 9 Cox, 162; Reg. v. Moody, id. 166. So likewise would it be forgery to make a raise entry with intent to defraud in a Foreman's or Dump Sheet, which was a record or account belonging to the business of a municipal corporation showing the number of loads of snow and ice received for and on account of the city,

for which it was liable to pay a certain amount per load or for each truck used. All this is alleged in the indictment, and so far as these allegations show, such Dump Sheet might be used to prejudice the city's rights, or as proof directly or indirectly to support the claim of the person alleging to have received, carted or removed the loads represented by the false entries in the city's said accounts.

Many of the cases cited by defendant's counsel are in reference to indictments found under those provisions of the Revised Statutes or the Penal Code, section 511, making it a crime to forge " an instrument or writing being or purporting to be the act of another by which a pecuniary demand or obligation is or purports to be or to have been created, increased, discharged or diminished or in any manner affected, or by which any rights or property whatever are or purport to be or have been created," or, forges " an entry in any book of records or accounts kept by a corporation doing business within the state, or in any account kept by such a corporation, whereby any pecuniary obligation, claim or credit is or purports to be created, increased, diminished, discharged or in any manner affected." Of course, in an indictment under such provisions the allegations must show such an instrument or account; that is, one by which a pecuniary demand or obligation is created, etc., and if the indictment fails to show this upon its face it would be defective and demurrable. Section 511 of the Penal Code which embodies the above provisions is re-enacted, with some changes, of the Revised Statutes (3 R. S. [Banks' 6th ed.], p. 994, §§ 34, 35, 36), making such offense, however, forgery in the second instead of the third degree as by the earlier law. Section 515 of the Penal Code seems not to have been included in the Revised Statutes. It reads: " A person who with intent to defraud, . . . ,

" 1. Alters, etc., an account, book of accounts, record or writing belonging to, or appertaining to the business of a corporation, . . . or

" 2. Makes a false entry in any such account or book of accounts, . . . is guilty of forgery in the third degree."

It will be noticed that this section does not require that by such books or accounts or entries therein, a pecuniary demand or obligation is or purports to be or have been created, increased, discharged, etc., but the mere false entry in such books with intent to defraud is made a crime, but of a lower degree than if the writing was one creating, increasing or diminishing such a demand or obligation.

If therefore the instrument in question should allege all that the defendant's counsel claims that it should it would state a case of forgery in the second and not the third degree.

A more serious question arises, however, under the other objections specified.

It will be noticed that the alleged entry is not set out in full; that an exact copy of the alleged false entry is not pleaded in the indictment.

The allegations are " they, the said Michael D. Herzog and Theodore Jacobson, did, . . . with intent to defraud, . . . enter in and upon said Foreman's or Dump Sheet certain words, figures and letters which purported to certify and declare that . . . one John Hanna . . . had employed for the said municipal corporation five trucks with horses for the removal of snow, ice," etc.

At common law this indictment would have been defective for failure to plead the writing or entry according to its tenor in words and figures. Pleading the substance would not have been sufficient. Whart. Crim. Pl. & Pr. (9th ed.), § 167; Whart. Crim. Law (10th ed.), § 728-A; 2 Bishop New Crim. Pr., § 403. " The object of which requirement," says Bishop, " is to enable the court to judge whether or not the instrument is one whereof forgery may be committed."

This reason, however, seems to give way in cases where the nature, sort or effect of the instrument does not affirmatively

appear on its face, as in such cases the rule was that extrinsic matter must be alleged to show that it was a writing capable of forgery. It is clear, for instance, that entries in such books as journals, ledgers, passbooks and the like would require alle, gations of extrinsic matter to make clear their meaning, import and effect, so that the real reason or purpose of the above rules must have been to clearly notify the accused of the act he was charged with committing. When the writing was lost or destroyed, or in possession of the defendant, then the indictment could set forth the substance of the instrument, stating the reason why it is not pleaded according to its tenor.

The highly technical and rigid procedure growing out of this rule requiring the indictment to set forth the alleged forged instrument according to its tenor in words and figures is exemplified by Wharton in sections 167 to 181 of his work on Criminal Pleading and Practice. Trivial variances were frequently fatal.  ·

However, these were the rules of pleading in indictments prior to our Code of Criminal Procedure and the question now is have they been modified by that enactment?

Section 273 of the Code of Criminal Procedure provides, " All the forms of pleading in criminal actions, heretofore existing, are abolished; and hereafter, the forms of pleading, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by this Code."

Section 275, subdivision 2, provides that the indictment must contain " A plain and concise statement of the act constituting the crime, without unnecessary repetition."

Section 284 contains the following: " The indictment is sufficient if it can be understood therefrom:

" 6. That the act or omission charged as the crime is plainly and concisely set forth.

" 7. That the act or omission charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the rights of the case."

Section 285. " No indictment is insufficient . . . by reason of an imperfection in matters of form, which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

Section 290, in reference to pleading in cases of forgery, provides, " When an instrument, which is the subject of an indictment for forgery, has been destroyed or withheld by the act or procurement of the defendant and the fact of the destruction or withholding is alleged in the indictment and established on the trial, the misdescription of the instrument is immaterial."

This last provision does not say in the rule of the old common-law practice that when the instrument is destroyed or withheld by the defendant that then the substance thereof may be pleaded, but specifies that the description of the forged instrument when at variance with the fact shall not prove fatal to the case when it appears by the indictment and on the trial that the instrument is lost or withheld. It is not the *description* which is immaterial, but a *misdescription*.

So far as I can ascertain there has been no case directly passing upon the question whether these provisions of the Code no longer require the alleged forged instrument to be set forth in words and figures or whether a full and accurate description of it is sufficient.

The point was raised in the case of Phelps v. People, 72 N. Y. 365, decided in 1878 before the adoption of the Code of Criminal Procedure, but the question was not directly passed upon as some of the courts in the indictment set forth  a copy

of the false entry and the conviction was general on all the counts, so that one good count sustained the indictment.

The case of People v. Wise, 3 N. Y. Crim. 303, arose under section 94 of the Penal Code for mutilating a document deposited with a public officer. A demurrer was interposed to the indictment in the Court of Sessions of Albany county, and County Judge NOTT in his opinion took occasion to say, " It was a well-settled rule of common law pleading that when the words of the document are essential ingredients of an offense, as in forgery, etc., the document should be set out in words and figures and the indictment must profess to set out the paper. If it was intended by the legislature to abolish these rules it seems strange that special provision should be made in the Criminal Code for pleading in cases of loss or destruction of papers in cases of forgery. (Sec. 290.) It seems to me that the safer rule in all these cases not expressly provided for in the Code is to follow the mandates of the common law pleading."

The extent and purport of section 290 referred to by Judge NOTT I have above stated and while I agree with him that wherever possible it is the safer and better rule of pleading to always set forth on exact copy of the instrument or writing alleged to be forged, the question now to be settled is not what is the better way, but whether it is fatal to an indictment under our Code pleading when it is not done. This case of Wise does not pass directly upon the point as the matter decided was not a case of forgery.

The next and last case to touch upon this question is People v. Hertz, 35 Misc. Rep. 177; 15 N. Y. Crim. 477. The recorder in his opinion upon demurrer to the indictment says: " But it is claimed that the pleader professing to give the substance of the instrument is bound to plead the excuse for not giving its tenor and that the subsequent statement, ' a more particular description whereof is to the grand jury unknown,'

is wholly insufficient as an excuse. This undoubtedly would be true if the substance of the instrument, was in fact pleaded."

However, in the indictment to which he was referring the instrument was pleaded in full according to its tenor so that he was not called upon to decide the question directly and finally nor do I believe that he intended to do so.

According to the sections of the Code of Criminal Procedure above stated, an indictment is sufficient which contains a plain and concise statement of the act constituting the crime. Therefore, an indictment charging an offense within section 515 of the Penal Code is good which alleges that the defendant, with intent to defraud, made a false entry in a book of account belonging to and appertaining to the business of the corporation, stating and describing the entry, book of account and corporation with such fullness and definiteness as to fairly apprise the defendant of the charge made against him and the specific act which it is alleged he committed, constituting a crime under the section.

When the entry is thus definitely stated and described, it is unnecessary, to my mind, to set forth the entry in words and figures. When the acts alleged and set forth in the indictment constitute the crime charged and fairly inform the defendant of the things he is charged with having done so as to enable him to prepare to meet the issue on his trial, the indictment is good and sufficient under our Code pleading.

It is certain that the Code of Criminal Procedure intended to modify the technical and exacting rules of pleading in vogue under the common law and to establish a much more liberal and sensible practice and to what extent this may have been intended to operate may, perhaps, be gathered from the liberalizing statutes of other jurisdictions, likewise drawing away from common-law narrowness:

In England (by 24 & 25 Vict., chap. 98, § 42 [1861]), it was provided regarding pleading of forgery. " In any indict-

ment for forgery, altering, offering, uttering, disposing or put-
ting off any instrument, it shall be sufficient to describe such
instrument by any name or designation by which the same may
be usually known or by the purport thereof without setting out
any copy or fac-simile thereof or otherwise describing the same
or the value thereof."

Some of our States have the same law, almost word for
word, upon their statute books, and indictments for forgery
setting forth the purport of an instrument have been held suf-
ficient.    State v. Clinton, 67 Mo. 382 (1878); Coleman v.
Comm., 25 Gratt. (Va.) 865; State v. Hill, 30 Wis. 419
(1872); State v. Fleshman, 40 W. Va. 726; Langdale v. State,
100 Ill. 263.   If therefore it be sufficient in other jurisdictions
to set forth in indictments for forgery the substance or purport
of the alleged forged writing, is it not reasonable to suppose
that this is also permissible under a Code abolishing all former
rules of pleading and requiring solely that the act constituting
the crime should be plainly and concisely set forth?

It remains to consider whether this indictment in question
contains a statement of the act constituting the crime of forg-
ery and gives the substance or purport of the alleged false entry
with sufficient fullness to fairly apprise the defendants of the
charge.

The defendants are accused of forgery in the third degree,
committed in the borough of Brooklyn on the 5th day of Janu-
ary, 1905.   It is stated:

*First.* That they made false entries with intent to defraud
the city of New York, a municipal corporation.

*Second.* That these false entries were made in an account
or writing belonging to and appertaining to the business of
the corporation, commonly known as the Foreman's or Dump
Sheet, intended and used for the purpose of showing the number
of loads of snow and ice received from District No. 1, Gang
No. 2, for and on account of said municipal corporation.

*Third.* That the false entries were certain words, figures and letters which purported to certify and declare that one John Hanna, of No. 815 Classon avenue, Brooklyn, had employed in and with said district and gang for the account of the city, five trucks and horses, and had with them removed 108 loads of snow and ice from the streets of Brooklyn, for which services the city was indebted to him in the sum of $35.

*Fourth.* That these entries were false and untrue and known to the defendants to be such when they made them.

Briefly stated, the indictment alleges that these defendants with intent to defraud the city entered upon the Dump Sheet, a writing used by the city to record the loads of snow removed for its account, that John Hanna had removed 108 loads, for which $35 was due him, which entries were knowingly false. Clearly this is forgery under section 515 of the Code and for the reasons above stated I deem the indictment good and sufficient. The demurrer is consequently overruled.

Demurrer overruled.