BREAUX, O. J.
The defendant, a practicing attorney, appeals from a verdict and judgment found and rendered against him.
He was indicted on the 11th day of February, 1910, for conspiring to accomplish the forgery and uttering as true an instrument which had been forged, for conspiring with one Diamond, and feloniously and falsely forging an acceptance of service and waiver of citation of one Ethel Weiss.
The iietition for a divorce was in about the usual form of such petitions. By oversight the pleader did not copy its caption In the indictment.
The acceptance of service of the petition reads as follows:
“Service accepted and citation waived.
“[Signed] Ethel Weiss.”
Diamond was the husband of Ethel Weiss. He employed Stringfellow to bring a suit for divorce.
The charge was, substantially, -that Diamond’s wife did not accept service of the petition; that it was forged by the attorney.
The attorney took a default. A confirmation of the default followed in due time.
In the case before us for decision, the defendant was found guilty as charged on the second and third counts and condemned to serve three years at hard labor in the penitentiary.
The state abandoned the case against Diamond.
The defendant filed a demurrer, in which he averred that there is no such crime as to “conspire,” “combine,” “agree and confederate together to forge.”
The prosecuting .officers for the state aver that this demurrer was withdrawn by the defendant.
The trial judge states — his statement was made part of a bill of exceptions — that he was requested by counsel in the district court to overrule the demurrer. He abandoned It, for, said counsel for defendant in the district court, it had been based on the assumption that there was no statute denouncing as a crime a conspiracy to forge; that, upon further search of toe subject, he found a statute denouncing such crime.
See Rev. Laws 1904, pp. 369, 370.
Counsel who argued the case before this court stated that he did not think that he *723 •ought to argue the plea that is the demurrer ■in question.
The district court haying overruled this •demurrer, no bill of exceptions was taken to the court’s order overruling the plea; the court leaves it where it is, with the remark that this demurrer was only directed against the first count and not at all to the count charging forgery.
Motion for a new trial was filed and overruled.
The motion for new trial was taken to the admissibility of evidence and presents questions which relate to the guilt or innocence ••of the defendant, which we do not consider before us for decision.
This brings us to the motion in arrest of judgment, which presents the important and .thoroughly argued points of the defense.
The error charged is that the indictment fails to set forth that the petition, the acceptance of service, and waiver of citation formed part of the public record and were filed.
The motion in arrest of judgment was ■overruled on the ground that the objection of the defense came too late; it having been filed after motion for new trial.
Before taking up this motion in arrest of judgment for decision, we note that, due to clerical error, the indictment shows that the petition in the suit for a divorce, on which was written the alleged forged acceptance, was copied-in full in the indictment, except that the caption and title of the suit was omitted in the indictment.
The judgment of divorce had been placed over the caption; in copying, it, the caption, was unintentionally omitted.
With that exception, the petition and the .acceptance of service are copied in full in the indictment.
The missing caption from the petition is made one of the grounds upon which the defense relies.
The plaintiff avers that, while there was no specific averment that the instrument alleged was a public record, that the petition having been copied in full, except the caption, as before mentioned, it shows it is a public record; that it was a petition for a divorce; that the original petition, bearing title of the cause and Indorsed “Filed,” was offered in evidence without objection on the part of the defendant; that the doctrine of “aider by verdict” applies; that no demurrer was filed, and no bill of particulars asked for; that it is too late after verdict to raise the question of the insufficiency of the indictment; that it was a typographical error, made evident by the original petition, produced in court during argument.
The defense insists that the omission was an error of substance not cured by the verdict.
Another point argued by the defense is;
That the indictment contains the averment that the petition was copied “according to its tenor.”
That the word “tenor” used in the indictment is fatal to the validity of the indictment.
That the indictment does set forth all of the petition except the caption.
We will here state that the caption adds nothing substantial to the petition.
We take up the question whether the doctrine of “aider by verdict” cures the clerical error.
We are of opinion that it does. The decision to which we will refer later sustains that view.
There was no surprise or advantage taken in the trial of the defendant. Nothing of the kind appears of record. Whatever defect there was was apparent enough; the objection ought to have been urged before verdict. State v. Clement, 42 La. Ann. 583, 7 South. 685.
The defendant pleaded a demurrer and lim *725 ited Ms defense to the demurrer without at the time urging any other objection. No defense was presented at this time to any mere matter of form. There is something here in the nature of failure to object.
There is a crime denounced despite the ■omission before mentioned.
It was an amendable defect. A defect in •an instrument that may be amended is a formal defect.
Evidence was admissible and was admitted.
The decision in State v. Hauser, 112 La. 337, 36 South. 330, is pertinent. Evidence of the charge not averred had been given, as in the case here. The court gave effect to “waiver by verdict,” and approvingly quoted from Stevens on Law of Criminal Procedure, P. 171:
“When an averment is imperfect, but is of such a nature that the verdict could not have been returned unless evidence of the matter not averred had been given, the defect in the indictment is said to be cured by the verdict, and ■cannot be taken advantage of in arrest of judgment.”
The instrument presented by defendant to the court, for a divorce, if defectively alleged, must be held covered under that view.
From Dr. Wharton:
There is a general rule as to pleading at common law, and in civil and criminal -proceedings there is no distinction between pleadings.
If the rule is the same, the verdict rendered without the least objection on the ground urged cannot be annulled.
In another decision, the court is equally as clear and direct. If there was indefiniteness or want of technicality in the name given, it was cured by setting forth the instrument in full in the bill. State v. Crawford, 13 La. Ann. 350.
These decisions overlap this point and have application to the other objections of defendant.
We propose to consider them at this time.
First. That the indictment does not allege that W. R. Stringfellow was an officer of the court, or was authorized to file, or to sign, a petition.
Without reference to decision cited supra, it is evident under that statute that a crime is denounced in the indictment, for if the words “attorney at law” had been inserted they would add nothing to the offense charged. The statute denounces the act of any person who makes any public document the subject of forgery. Section 833, Rev. St.
In the second pilace, the defendant urges that the indictment does not show that the writing set out was a petition; that a petition must mention the name or title of the court to which it is addressed.
The petition gave to defendant full notice of the crime charged, and must have been considered in the trial of defendant. The tenor of the indictment showed that it was a petition. It was his petition, which he never disavowed.
We quote from the Snow Case, 30 La. Ann. 402:
“Where, however, the instrument or writing is set forth in full in the bill of information, in totidem verbis, any lack of definiteness in its designation or description, otherwise, was cured even at common law, and an incorrect designation might be rejected as surplusage” — citing Wharton’s American Criminal Law (7th Ed.) § 1467, and note “w,” and authorities cited.
See, also, State v. Crawford, 13 La. 300; Regina v. Williams, 2 Eng. Law & Equity Reports, 533.
Third. That the acceptance of service was not a public record.
This contention consists in a denial. It is a public record, it was filed and is now kept as a public ■ record. A document, though not strictly in form, which serves the purpose intended, which is filed and kept with the record,* is a public document.
In this instance the acceptance was really not informal. It serves the purpose, although it was not written with the technical precision required by the Code of Practice. The *727 acceptance is copied literally in our decision.
It and tlie petition are a part of tlie public records. It was sufficiently described in tlie indictment to have it considered a public record, although the word “public” was not used as qualifying “record.” The court determines whether a certain instrument is or is not a public record as a question of law. State v. Anderson, 30 La. Ann. 557.
Fourth. That it is not alleged in the indictment that it is a public record. This ground is in substance a reiteration of grounds above numbered 3, to which we have just referred. We none the less add:
The description set out in full the offense charged.
It is very evident that it is a petition for a divorce, addressed to a court of justice. It could be addressed only to a court. It is suggestive of nothing else. It is a record, although the word “record” is not used eo nomine; the instrument averred in the indictment is a public record.
Fifth. That the indictment sets out the instrument by1 its tenor, although the pleader did not copy the caption of the petition in which suit for a divorce was rendered, is another ground.
The objection before verdict would have been good; not after verdict, under repeated decisions.
The word “tenor” is not as far reaching as defendant contends. It may be cured by the verdict.
Sixth. Repugnancy by the use of the word “[Signed]” before the name of the one whose name it was alleged was made the subject of forgery.
The word “[Signed]” before “Ethel Weiss” (the wife against whom the divorce was obtained on the petition and acceptance of service before mentioned) does not bear witness to the verity of the signature.
It is not fatally defective after verdict.
The next ground of defense: That in the divorce proceedings it does not appear that the petition was filed in court.
The legal presumption is that the petition was filed in court.
The acceptance of the service was a matter of record.
At common law, a person may be guilty of forgery by falsely and fraudulently mailing or altering any matter of record. Russell on Crimes (7th Ed.) p. 1683.
The acceptance of service is a record in itself. Service was accepted, it must be inferred, after the petition had been filed. That is the requirement of article 177 of the Code of Practice — that it shall be first filed. The petition had been filed as made certain by testimony admitted without objection.
The Code of Practice provides that the defendant, or his attorney, may certify in writing and under his signature, on the back of the original, delivered to the clerk, the waiver of service.
The following decision holds that no judgment should be reversed for any imperfection in the indictment if the offense is set forth with sufficient certainty to enable the court to give proper judgment: Commonwealth v. Ervin, 2 Va. Cas. 337.
The controlling reason is that no objection was timely urged.
“Under the Revised Code 1819, p. dll, providing that after verdict no judgment, on an, indictment, should be reversed for any imperfection in the indictment if the offense charged therein be plainly and in substance set forth with sufficient certainty to enable the court to give judgment thereon, according to the right of the cause, a judgment should not be set aside when the indictment charged that the person willfully assisted in a forgery without setting out the person who was assisted.” Century, vol. 23, p. 1566.-
The law of the state of Virginia cited in the excerpt above cannot be broader than the article of our Revised Statutes authorizing amendments in criminal proceedings.
Each authorizes amendment in matter of form, and under each, when questions of *729 form are not raised, they may be considered cured by the effect of silence.
The defect in the averment was amendable. It follows that it is cured by failure to plead.
If the defendant had pleaded guilty to the indictment, he would have been bound by his plea. He would have had after this plea scant ground for contending that sentence could not be legal because he had not been charged with a crime.
There would have been no ground for such a contention because the averment in the indictment substantially alleged a crime.
Had it not alleged a crime, even the plea of guilty would not have been sufficient to enable the court to impose a legal sentence.
He did not plead guilty, but allowed the case to go on, and the trial was had, and verdict returned without objection except by demurrer, which had been properly overruled.
He took the chances of an acquittal on the merits. The technical points are cured.
A forged instrument can constitute a crime, if it be made to appear that, if genuine, it would be evidence of the fact it recites and that it would prejudice the right of another. State v. Anderson, 30 La. Ann. 557.
The acceptance and waiver of service would be evidence (it is sufficiently complete to all intent and purpose), if true, of the fact it recites, and, as a forgery, it was prejudicial to the rights of another.
"While it is true that the acceptance of service, or its waiver, was not precisely in the form of such acceptance, or waiver, required by Code Prae. art. 177, it was all that is necessary for a complete acceptance, or waiver. It served the active purpose of such an acceptance.
The result — the divorce obtained by defendant, as attorney — shows that it was taken as evidence of the fact it recites, and that it prejudiced the right of another.
The defendant had an opportunity to object at the time that he filed his demurrer.
Again, he had opportunity to object when evidence was offered, and when the judge delivered his charge to the jury, or in hismotion for a new trial (rather late as to the latter, still it would have been more timely urged than in the motion in arrest of judgment).
It must be borne in mind that the indictment substantially sets forth the offense charged.
The forgery of any “document, public or private, if prejudicial,” is an offense. Roscoe, Criminal Evidence, p. 467.
It was not necessary to copy the instrument forged in full. State v. Sherwood, 41 La. Ann. 316, 6 South. 529.
The use of the word “tenor.” is not forever fatal. If the indictment does not severally set forth every part of the instrument, it may be cured by amendment, or, as in this case, by silence before verdict
Since the case was argued at bar and submitted, a supplemental brief lias been filed by defendant.
The proposition argued in this supplemental brief is: That the jury’s verdict is uncertain.
That the second count is a count negativing prescription.
That the third count in the indictment is the forgery count.
That the fourth count is a publishing count.
That the jury nowhere said guilty of the fourth count or guilty of publishing as charged in the indictment.
That -while the publishing count sets forth do offense, the jury failed to return a verdict on this count, as it is the fourth count in the indictment. There is an error of fact in the position of defendant as made evident by the following:
“Diamond not guilty.” W. R. Stringfellow “guilty as charged in the second and third counts.”
*731 Tlie verdict as relates to tlie tliird count is responsive to tlie offense as charged in the third count.
The court sentenced the defendant to suffer imprisonment in the state penitentiary at hard labor for three years on the count, on which he was found guilty of forgery, and on the other count sentenced the defend- and to suffer imprisonment in the state penitentiary at hard labor for two years.
The court further ordered that the sentence of two years run concurrent with the sentence of three years; so that, if the sentence for two years is null, there still remains the sentence for three years.
We have, while considering the supplemental brief, gone back to the motion in arrest of judgment and reconsidered the main issues. We add the following: ■
The purpose of the rules of practice in criminal cases is to enable a defendant to avail himself of them for his protection. At every step he may invoke them. If the right is denied, he has the right to have the ruling reviewed. But if he chooses not to invoke these rules, he is bound by the result. The motion in arrest of judgment is mainly directed to the alleged want of due process of law, and to averred illegalities.
Now, as to due process of law the court had jurisdiction.
All notices required were given; the issues presented were decided contradictorily with the accused. lie had his day in court.
Now, as to the illegalities charged:
They were cured by the defense. The indictment did set out at least in general terms all the elements of the offense.
True, there can be no waiver, “if the declaration in a civil suit embodies no cause of action, or the indictment in a criminal one charges no offense.”
We are of the opinion, as before expressed, that the indictment charges an offense, “cured at common law by verdict.” At common- law the verdict cures some things — as to which the rule is the same in criminal causes as in civil. It is that though a matter, either of form or of substance, is omitted from the allegation or alleged imperfectly, yet if under the pleadings the proof of it was essential to the finding, it must be presumed, after verdict, to have been proved, and the party cannot now for the first time-object to what has wrought Mm no harm.
Sec. 707 of Bishop’s New Grim. Pro. c. 58, §§ 705-707, pp. 420-423; Marr’s Criminal Jurisprudence, § 476. Whether this section is sustained in full or not by the authorities cited by the learned commentator, it is sufficiently sustained in well-considered decisions in this and courts of other jurisdiction to sustain the opinion that grounds alleged in the motion in arrest had been cured by the verdict. The void irregularities charged are not as void as alleged; they were voidable and could have been avoided on timely objection.
This case has received our most careful consideration. We have not found it possible to grant the relief asked.
The verdict and judgment, in our view of the law, cannot be reversed on the appeal.
For reasons stated, the verdict and judgment are affirmed.
PROVOSTY and MONROE, JJ., dissent.