ROGERS, J.
 

 The defendant was indicted for shooting with intent to commit murder while in the attempt to perpetrate a robbery, under, section 790 of the Revised Statutes (as amended by Act No. 24 of 18S2). He was tried by a jury of twelve and convicted of shooting with intent to commit murder. From the conviction and sentence imposed thereunder, this appeal was taken.
 

 Defendant makes only one point in support of his appeal. lie contends that, inasmuch as the indictment fails to set out the elements of the crime of robbery, the crime therein charged fails under section 791, not section 790, of the Revised Statutes (as amended), and that his conviction was illegal, since he should have been tried by a jury of five instead of by a jury of twelve, as was the case.
 

 The specification of the offense is that the defendant “did, while in the attempt to perpetrate robbery, shoot William Purnell with a dangerous weapon, to-wit, a pistol,, with the intent to commit the crime of murder.”
 

 Section 790 of the Revised Statutes (as amended), under which the state contends the indictment is drawn, reads as follows:
 

 “If any person lying in wait, or in the perpetration or attempt to perpetrate any arson; rape, burglary or robbery, shall shoot, stab, cut, strike or thrust any person with a dangerous weapon, with the intent to commit the crime of murder, he shall, on conviction thereof, be punished with death.”
 

 Section 791 of the Revised Statutes (as amended by Act No. 43 of 1890) under which, because of the failure of the indictment to set out with particularity the attempt to perpetrate the robbery, defendant contends he is being prosecuted, provides:
 

 “Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon, with intent to commit murder, under any other circumstances than those mentioned in the preceding section, shall, on conviction, suffer imprisonment at hard labor or otherwise, for not less than one nor more than twenty-one years.”
 

 
 *791
 
 Defendant, in support of his contention, relies on the case of State v. Brown, 21 La. Ann. 347. In that case two specific offenses-were charged, namely, the actual perpetration of the crime of robbery and the crime of shooting with intent to murder. The court held' that to constitute the capital crime both offenses should be distinctly set out in the indictment.
 

 The state argues that the decision is not appropriate, because the indictment under review here ' does not charge two offenses, since there is no crime as an “attempt to perpetrate a robbery” known to our law. That the attempt to rob is only an aggravation of the • shooting with intent to murder, which makes the crime a capital one;' and that it does not have to be charged with any more particularity .than “lying in wait,” as was held in the case of State v. Forney, 24 La. Ann. 191.
 

 Irrespective of the correctness of these contentions of the parties, our- opinion is that defendant’s conviction and sentence must stand.
 

 Defendant concedes that the indictment under review sufficiently sets forth the act of shooting with intent to murder, but he contends that it is defective for failure to name the person he is charged with attempting to rob and to describe the property he attempted to rob him of.
 

 But the indictment is framed in the exact words of the statute. Code Or. Proc. art.' 227. Defendant went to trial without demurring' to or moving to quash it. Code Cr. Proc., arts. 284 and 285, and without calling for a bill of particulars. The case was submitted to the jury on the indictment as found, and no question was raised by defendant as to its sufficiency until after the verdict, when he filed thé motion in arrest of judgment.
 

 Irrespective of whether the indictment is good, on the theory that the same particularity is not required in charging the act aggravating the offense as in the completed crime, and conceding that it was defective in the particulars referred to by defendant, nevertheless, defendant is not in a position to avail himself of the defects. If the sufficiency of the indictment had been challenged by demurrer or by a motion to quash, it could have been amended in those particulars. But the defendant chose to take his chances of a trial on the indictment as it stood, and he only raised the question of the insufficiency of the indictment after the jury had brought in an adverse verdict.
 

 We think that defendant’s objection to the indictment comes too late after trial and verdict on evidence which he consented to or acquiesced in, since he interposed no objection to its admissibility. Code Crim. Proc. art. 288.
 

 The offense with which defendant is charged falls within the terms of section 790 ’ of the Revised Statutes, while under the verdict of the jury he was convicted of the crime denounced by section 791 of the Revised Statutes.
 

 But the verdict of the jury was responsive to the charge -laid in the indictment. Both sections 790 and 791 of the Revised Statutes (as amended) are designed to punish a generic offense — shooting with a dangerous weapon with intent to commit murder, and they define its grades.' Under certain circumstances the death penalty is inflicted-; under other circumstances, imprisonment at hard labor is imposed. And for the purposes of prosecution, sections 790 and 791 may be regarded as one law, justifying a verdict under the latter section on an indictment framed under the former section. State v. Wilson, 39 La.
 
 *793
 
 Ann. 203, 1 So. 418; State v. Evans, 40 La. Ann. 216, 3 So. 838.
 

 And it is well settled that in any criminal prosecution the jury may convict-the defendant of a less serious crime, provided the elements of such crime are essentially included in the crime charged, even though the jury' would not have jurisdiction to try the defendant if he were charged only with the less serious crime. State v. Flattmann, 172 La. 620, 135 So. 3, and the authorities therein cited.
 

 For the reasons assigned, the verdict and sentence appealed from are affirmed. .