### UNITED STATES v. GOLDSMITH.
#### No. 231.

Circuit Court of Appeals, Second Circuit.
Dec. 18, 1933.

H. Ely Goldsmith, pro se.

Joseph F. Sharp, Asst. U. S. Atty., of New York City, for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

This appeal is prosecuted by the appellant in forma pauperis. He was convicted upon two indictments which were consolidated for trial. The first indictment contained two counts charging impersonation of a federal employee (18 USCA § 76) and two counts charging the uttering of a forged writing (18 USCA § 72); the second indictment, drawn under the same statute, contained one count for, impersonation of a federal employee and one count for uttering a forged writing. Upon each of the four counts of the first indictment the appellant was sentenced to imprisonment in the Lewisburg Penitentiary for one year and a day, the sentences to run concurrently with each other and with the sentence imposed under the second indictment. Under the latter he was sentenced to a like imprisonment upon each of its two counts, to run concurrently, and to a fine of $1,000 on the count for uttering a forged document.

From the indictments it appears that Goldsmith pretended to be an employee of the Bureau of Internal Revenue, and by this pretense extracted small sums of money from persons who thought they were paying a tax under the Act of March 22, 1933 (see 26 USCA § 506c), to provide revenue by taxation of certain nonintoxicating liquors. Each of the three impersonation counts related to a similar imposition upon a different person. To each of the persons imposed upon Goldsmith delivered a forged "receipt for payment of taxes," purporting to bear an authorized typewritten signature of Charles W. Anderson, a collector of internal revenue, and such delivery for the purpose of defrauding the United States was charged in the respective counts for uttering a forged writing.

The appellant contends that the District Court erred in overruling a motion to dismiss the indictments. His argument is that his conduct defrauded only the person imposed upon, and that, in charging such conduct as a violation of both sections 32 and 28 of the Criminal Code, he was subjected to double jeopardy. The contention is utterly without merit. If a defendant's acts constitute two distinct offenses, he may be tried and punished for each. Blockburger v. United States, 284 U. S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306.

That the appellant was properly charged with violating section 32 (18 USCA § 76) is too plain for argument. Whether the indictments also set out a crime under section 28 (18 USCA § 72) deserves discussion.

This section makes it criminal to "utter or publish as true * * * any such false, forged, altered, or counterfeited * * * writing, for the purpose of defrauding the United States, knowing the same to be false, forged, altered, or counterfeited." The second count of the second indictment may be taken as typical of the counts drawn under this section. It is printed in the margin.[1]

[1] "And the grand jurors aforesaid upon their oath aforesaid, do further present that heretofore, to wit, on or about the 26th day of April, 1933, at the Southern District of New York and within the jurisdiction of this Court, H. Ely Goldsmith, the defendant herein, did then and there unlawfully, wilfully and knowingly, utter and publish as true, and did cause to be uttered and published as true, a false, forged and counterfeited writing purporting to be an authorized typewritten signature of 'Charles W. Anderson,' a Collector of Internal Revenue, on a paper printed by the United States entitled 'Receipt for Payment of Taxes,' to wit, 'Form 1—Revised Feb., 1926 Treasury Department, Internal Revenue Service,' the said defendant knowing the said signature of Charles W. Anderson to be false, forged and counterfeited, for the purpose of defrauding the United States in the exercise of its governmental powers and duties by frustrating the due and proper administration of the Act of March 22, 1933 known as the Act to Provide Revenue by Taxation of Certain Non-Intoxicating Liquors and for Other Purposes and the rules and regulations prescribed in reference thereto for the enforcement of the provisions of said Act, in that the said defendant did induce one Frank Merrill to accept the said paper as one genuinely issued and signed by Charles W Anderson, Collector of Internal Revenue for the Third Internal Revenue Collection District of the

The defendant argues that it was impossible to defraud the United States in the manner alleged, that the only possible victim of the fraud was the person from whom the money was obtained, and hence on the face of the indictment it appeared that the defendant did not have the intent to defraud the United States, which is an essential element of the crime. It is true that the acts complained of could not defraud the United States in the sense of resulting in a pecuniary loss to it. No money belonging to the United States was taken from it, nor was it deprived of the right to collect the tax which was due. But it is clearly established that, to defraud the United States, pecuniary loss is not necessary; any impairment of the administration of its governmental functions will suffice. Haas v. Henkel, 216 U. S. 462, 480, 30 S. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112; United States v. Plyler, 222 U. S. 15, 32 S. Ct. 6, 56 L. Ed. 70; Goldsmith v. United States, 42 F.(2d) 133 (C. C. A. 2); United States v. Tynan, 6 F.(2d) 668 (D. C. S. D. N. Y.); Curley v. United States, 130 F. 1 (C. C. A. 1). An intent to defraud the United States in the exercise of its governmental powers is alleged. We cannot say that the forged receipt could not possibly operate to the prejudice of the United States in respect to collection of the tax. It was in a form and on paper officially printed. To collect the tax from a person who believed that he had already paid it and been given an official receipt might well be more difficult. Some proof that the putative receipt was a forgery would undoubtedly be required before he would pay again. To this extent at least there was an impairment of administration of a governmental power. If under any contingency the forged instrument may be prejudicial, it is sufficient to form the basis of a conviction. Neff v. United States, 165 F. 273, 279 (C. C. A. 8); Meldrum v. United States, 151 F. 177, 181, 10 Ann. Cas. 324 (C. C. A. 9). The count sufficiently alleged a violation of section 28, unless it was fatally defective in respect to a matter now to be considered.

■ It does not set out in full the instru- ment alleged to have been uttered as a forgery. This is now urged as a fatal defect, although the objection does not appear to have been specifically taken at the trial, and was not assigned as an error on the appeal. At common law, an indictment for forgery was required to set forth a literal copy of the forged writing. Hunter's Case, 2 Leach C. C. 624; 3 Chitty's Crim. Law (2d Ed.) 1040; Bradlaugh v. The Queen, L. R., 2 Q. B. 607, 617; Irvin v. United States, 298 F. 297, 298 (C. C. A. 5); State v. Callendine, 8 Iowa, 288. And these authorities show that an indictment which failed to do so could not be cured by verdict but would be held bad either upon motion in arrest of judgment or upon error. In many jurisdictions, including England, this common-law rule has been changed by statute (see People v. Herzog, 47 Misc. 50, 93 N. Y. S. 357; State v. Childers, 32 Or. 119, 49 P. 801), and in others it has been rejected even in the absence of a statute (State v. Curtis, 39 Minn. 357, 40 N. W. 263). Cf. State v. Stringfellow, 126 La. 720, 52 So. 1002; White v. Parks, 93 Ga. 633, 20 S. E. 78; Elfrank v. Seiler, 54 Mo. 134. Although no precise authority has been found, we shall assume that an indictment under section 28 should likewise set forth the writing charged to be a forgery, if it would withstand a demurrer. See United States v. Rossi, 268 F. 620 (D. C. Or.); cf. Dell Aira v. United States, 10 F. (2d) 102, 104 (C. C. A. 9). But the appellant, to prevail, must establish not only that the count was demurrable, but that it was so defective as not to support a judgment of conviction after verdict. Where the document offered is alleged in substance though not in hæc verba, it seems to us the indictment should be held defective only in form. By section 1025 of the Revised Statutes (18 USCA § 556) Congress enacted that "no indictment * * * shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." See, also, 28 USCA § 391. In Hagner v. United States, 285 U. S. 427, page 433, 52 S. Ct. 417, 420, 76 L. Ed. 861, the court summarized the scope of section 1025 in the following language: "Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment." See, also, Dunbar v. United States, 156 U. S. 185, 192, 15 S. Ct. 325, 39 L. Ed. 390; Grandi v. United States, 262 F. 123 (C. C. A. 6); Musey v. United States, 37 F.(2d)

State of New York, for the purpose of enabling the said defendant, to collect and receive in the name of the United States, from said Frank Merrill, the amount of taxes which were then and there due to the United States from the said Frank Merrill, under the provisions of said Act of March 22, 1933 in the amount of, to wit, $5.00, and for the purpose of preventing the collection of the amount of said taxes by the United States, thereby defrauding the United States of said amount; against the peace of the United States and their dignity and contrary to the form of the statute of the United States in such case made and provided. Section 28, U. S. Cr. Code, U. S. C., title 18, § 72 [18 USCA § 72].

8

673 (C. C. A. 5). It is true that Judge Choate in United States v. Noelke, 1 F. 426, 433 (C.C.S.D.N.Y.), held, as to an indictment for mailing a circular concerning a lottery, that the rule of pleading requiring a writing to be set forth literally was a matter of substance and not affected by R. S. § 1025. This construction appears to us unduly strict. The modern tendency is, and should be, more liberal. Certainly the indictment before us left the defendant in no uncertainty as to the charge brought against him; and enough was alleged concerning the writing charged to be a forgery to enable the court to determine that it was one which could be the subject of forgery. We hold, therefore, that the defect in pleading was one which could be cured by verdict. This view finds substantial support in decisions construing state statutes similar to R. S. § 1025. State v. Niesman, 101 Mo. App. 507, 74 S. W. 638; Commonwealth v. Ervin, 2 Va. Cas. (Va.) 337. See, also, Pellegrino v. Aderhold, 55 F.(2d) 1074 (C. C. A. 5); Irvin v. United States, 298 F. 297 (C. C. A. 5).

Judgment affirmed.