MOISE, Justice.
The defendant prosecutes this appeal from a judgment of conviction and sentence to serve five years in the State Penitentiary.
The crime charged was an attempted simple robbery. LSA-R.S. 14:27.
After this conviction, defendant was charged a second time by an information as a multiple offender. To this second information, he filed a motion to quash. The State filed a demurrer. The demurrer was sustained.
The accused then filed a motion in arrest of judgment to the first information which charged an attempted simple robbery. This motion was overruled. The accused then reserved a bill of exception to the overruling of the motion in arrest of judgment, which reads:
“All the proceedings herein are null and void and of no effect for the following reason to-wit:
“ ‘The bill of information herein charges no crime known to the Law of Louisiana in that;’ * * * George Brown * * * attempted to commit simple robbery one Leola Reece, * * * ”
The LSA-Revised Statute 15:253, which is the law of the case, provides:
“No indictment shall be quashed, set aside or dismissed or motion to quash be sustained or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court in its discretion permit.
Section of the LSA-Revised Statute 15 :284 reads that:
“Every objection to any indictment shall be taken by demurrer or by motion to quash such indictment, before the arraignment; and every court before which any such objection shall be taken for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended in such particular, and thereupon the trial shall proceed as if no defect had appeared.”
The LSA-Revised Statute 15:285 reads:
“A demurrer admits the truth of every fact which is sufficiently alleged, but raises the objection that, as a matter of law, the indictment does not charge an offense, or does not charge *363 such offense that the defendant can be, as a matter of law, required to answer.”
The bill of information declares that—
“George Brown attempted to commit . simple robbery one Leola Reece.”
This was an error of form. From the law above recited, the complaint of the accused came too late. State v. Stringfellow, 126 La. 720, 52 So. 1002.
The Trial Judge, in his per curiam, stated:
“Defendant did not demur or move to quash, nor was any objection urged to the hearing of any evidence during the trial on the ground that the bill did not charge a crime. Defendant contented himself with taking his chances on an acquittal and now, after conviction, and for the first time, challenges, the sufficiency of the bill of information through the medram of a motion in arrest of judgment.
“Was the omission of the word ‘on’ or its equivalent from the bill, a ‘formal’ rather than a ‘substantial’ defect?
“The correctness of the court’s action in overruling the motion in arrest depends upon a proper decision of this question.
“The court believed the defect to be a ‘formal’ one, rather than a ‘substantial’- defect.
“As it was the duty of defendant to raise the question by demurrer or motion to quash, the defendant could not now be heard to complain by motion in arrest of judgment.”
We wholly agree with our learned brother of the district court.
In State v. Howerton, 173 La. 788, 138 So. 668, 669, we held:
“Defendant concedes that the indictment under review sufficiently sets forth the act of shooting with intent to murder, but he contends that it is defective for failure to name the person he is charged with attempting to-rob and to describe the property he attempted to rob him of.
“But the indictment is framed in the exact words of the statute. Code Cr.Proc. art. 227. Defendant went to trial without demurring to or moving to quash it. Code Cr.Proc., arts. 284 and 285, and without calling for a bill of particulars. The case was submitted to the jury on the indictment as found,, and no question was raised by defendant as to its sufficiency until after the verdict, when he filed the motion in arrest of judgment.
“Irrespective of whether the indictment is good, on the theory that the same particularity is not required in-charging the act aggravating the offense as in the completed crime, and-conceding that it was defective in the *365 particulars referred to by defendant, nevertheless, defendant is not in a position to avail himself of the defects. If the sufficiency of the indictment had been challenged by demurrer or by a motion to quash, it could have been amended in those particulars. But the defendant chose to take his chances of a trial on the indictment as it stood, and he only raised the question of the insufficiency of the indictment after the jury had brought in an adverse verdict.
“We think that defendant’s objection to the indictment comes too late after trial and verdict on evidence which he consented to or acquiesced in, since he interposed no objection to its admissibility. Code Crim.Proc. art. 288.” See, State v. McDonald, 178 La. 612, 152 So. 308, 311, in which it is stated that:
“Counsel cite the case of State v. Howerton, 173 La. 788, 138 So. 668, where it was held that after conviction ‘on evidence unobjected to, objection that indictment did not charge act aggravating offense with same particularity -as completed crime comes too late.’.
“That case is readily distinguishable from this one. There the indictment was framed in the exact language of the statute but defendant contended that it was defective ‘for failure to name the person he is charged with attempting to rob and to describe the property he attempted to rob him of,’ which was a defect in form but not of substance. The court found also that ‘the verdict of the jury was responsive to the charge laid in the indictment.’ ”
The defendant relies on the case of State v. Ward, 208 La. 56, 22 So.2d 740, 741, which provides for the test of sufficiency of an indictment:
“1. [Q.] Is the indictment or information sufficient to inform the court what offense is being charged in order that the court might properly regulate the evidence sought to be introduced?”
A. We believe that it does.
“2. [Q.] Does the indictment or information inform the accused of the nature and cause of the offense witlj which he is being charged?”
A. It does.
“3. [Q-] Is the indictment sufficicient on its face to support a plea of former jeopardy in event there is an attempt to try t'he defendant more than once for the same offense?”
A. It is.
(Answers ours.)
LSA-Revised Statute 15:518 is conclusive on this subject. It provides:
“No defect that is merely formal, or cured by verdict, or that can not be ascertained without an examination of the evidence, is good ground for arresting judgment.”
*367 The Trial Judge has made the situation so clear “that he who runs may read and in the reading understand.”
For the reasons assigned, the conviction and sentence are affirmed.
PONDER, J., absent.