MOISE, Justice.
The accused, Frank Butler, was charged in an Information, which reads:
“Frank Butler * * * on or about the 18th day of March, in the year of our Lord 1955, in the Parish of Iberia * * * did unlawfully possess, have under his control, sell and deliver a narcotic drug, to-wit: Marijuana, as defined by Louisiana Revised Statutes 40:961, in violation of the provisions of Revised Statutes 40:962 of the State of Louisiana: * * * ”
This defendant was tried, convicted, and sentenced, and he now prosecutes this appeal from the judgment of conviction and sentence.
Of the thirty-three Bills of Exceptions reserved during the trial, we question the correctness of Bill of Exceptions No. 2 and the ruling therein made. The specific information, which we think should have been furnished, is requested in defendant’s Motion for a Bill of Particulars, as follows:
V.
To what person does the indictment refer when it charges that defendant allegedly sold marijuana?
VI.
To what person does the bill of information intend to refer or mean when it charges that defendant allegedly delivered a narcotic drug?
VIII.
At what place in the Parish of Iberia did this alleged crime take place and at what time ?
In denying the Bill of Particulars, the trial judge stated that such information was *791 in the nature of State evidence or advance factual information to which defendant was not entitled. He further stated that the Information gave the defendant all of the facts necessary for his counsel to properly defend him before the court. How could the defendant make any proof, unless he was given this information ? Particularly is this true if the accused desired to urge an alibi as a defense.
We feel that our Learned Brother below was in error. The cases he cited — State v. Brown, 226 La. 360, 76 So.2d 396, and State v. Ward, 208 La. 56, 22 So.2d 740 — deal with the sufficiency of an indictment or information. His inadvertent error was in not distinguishing, in terms of law, the requirements of an Information or the exaction of a Bill of Particulars. In the instant case, we are not concerned with a test for the sufficiency of an indictment or information; we are merely concerned with the fact that this defendant requested a Bill of Particulars in advance of the trial and the trial judge refused to order the district attorney to furnish the desired information.
The general rule is that the granting of a Bill of Particulars is within the discretion of the trial judge. State v. Poe, 214 La. 606, 38 So.2d 359; State v. Shourds, 224 La. 955, 71 So.2d 340; State v. Michel, 225 La. 1040, 74 So.2d 207; State v. Labat, 226 La. 201, 75 So.2d 333. However, there will be found exceptions to the general rule, such as will be found in State v. Chanet, 209 La. 410, 24 So.2d 670, 671, which reads:
“ * * * While it is discretionary with the trial judge, yet, he cannot arbitrarily refuse to order the State to furnish essential particulars.”
While it is true that the Court had in mind Article 235 of the Code of Criminal Procedure, LSA-Revised Statutes 15:235, when it made the preceding statement, we believe that the same ruling applies in the instant case.
We reiterate that the matter of furnishing a Bill of Particulars rests largely in the discretion of the trial judge, and his discretion will not be disturbed unless there is error in the ruling complained of to the detriment or disadvantage of the accused. State v. Ezell, 189 La. 151, 179 So. 64; State v. Gould, 155 La. 639, 99 So. 490, 491. However, while it is discretionary with the trial judge, he cannot arbitrarily refuse to order the State to furnish “essential particulars”. That is exactly what the trial judge refused to do in this case.
For the reasons assigned, the conviction and sentence are set aside, and the defendant is granted a new trial.