The judgment appealed from is therefore affirmed.

=====

(111 So. 262)

No. 28338.

STATE v. WILLIAMS.

(Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

1. Intoxicating liquors ⚖️239(2)—Charge that certain facts not proved did not show defendant's possession of intoxicating liquor held properly refused as inapplicable to facts.

Charge that finding of liquor in and just outside defendant's garden 30 yards from his house while he was away does not show his possession thereof, where there is family of eleven, including two grown sons, and prosecuting witnesses testified that they had no knowledge that liquor was defendant's or in his possession, *held* properly refused, where inapplicable to facts proved.

2. Criminal law ⚖️761(2)—Judge cannot assume establishment of certain facts and give instruction to convict or acquit on such assumption.

While judge may charge, either in trial before jury or before himself without a jury, that certain verdict may be rendered, if given facts have been established, he cannot assume their establishment and give instruction to convict or acquit on such assumption.

3. Criminal law ⚖️763, 764(3, 4)—Requested charge that certain facts did not show defendant's possession of intoxicating liquor held erroneous as invading judge's right to determine facts established and their probative force.

Requested charge that finding of liquor in or just outside defendant's garden 30 yards from his house while he was away does not show his possession of intoxicating liquor, where there is a family of eleven, including two grown sons, and prosecuting witnesses testified that they had no knowledge that liquor was defendant's or in his possession, *held* erroneous as invading judge's right to determine what facts were established and probative force thereof.

4. Criminal law ⚖️741(1)—Sufficiency of evidence to convict is for judge sitting without jury.

Sufficiency of evidence to warrant conviction is exclusively for trial judge sitting without jury.

Appeal from Third Judicial District Court, Parish of Lincoln; S. D. Pearce, Judge.

Charles Williams was convicted of possessing intoxicating liquor for sale for use as a beverage, and he appeals. Affirmed.

J. W. Elder, of Farmerville, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., Wm. J. Hammon, Dist. Atty., of Jonesboro (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

THOMPSON, J. This is an appeal from a sentence for possessing intoxicating liquors for sale for use as a beverage.

[1] After the evidence had been adduced, defendant's counsel requested the following charge:

"That where liquor is found in the garden of the defendant thirty yards from his house, and just outside of the garden under some weeds, and the defendant not being at home, and there being a family of eleven, including two grown sons, and the evidence of the prosecuting witnesses that they had no knowledge that the liquor was that of defendant or in his possession, that such showing is not sufficient to constitute an act of possessing intoxicating liquor."

The judge declined to give the charge, and gave as his reason that the charge was not applicable to the facts proven.

That when all of the established facts (which were only partially stated in the requested charge) were weighed and considered the guilt of the accused was made out beyond a reasonable doubt.

The reason assigned by the judge was sufficient to justify his refusal to give the charge.

[2] We may add, however, that, while a judge may charge, either in a trial before a jury or before himself without a jury, that, if a given state of facts have been established, a certain verdict may be rendered, he is not authorized, and cannot be required, to assume that certain facts have been established, and upon that assumption to give an instruction to convict or acquit.

[3] Such a charge would be invading the right and province of the jury or judge to determine what facts have been established and the probative force and effect of such facts.

In the requested charge, certain facts were recited as having been proved, and on these facts the judge was asked in effect to acquit the defendant, because those facts were not sufficient to show that the defend-ant was in possession of the liquor found on his premises.

[4] The other bill relates to the overruling of a motion for a new trial, which motion alleges that the verdict was contrary to the law and the evidence. The bill recites that the evidence was taken down and attached to the bill, and we find the evidence in the record.

Whether that evidence was sufficient to warrant a conviction is a question that was vested exclusively in the trial judge, and of which we have no jurisdiction.

The conviction and sentence are affirmed.