(115 So. 751)

No. 29099.

**STATE v. FREELAND.**

Feb. 13, 1928.

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ☞1111(3)—**Supreme Court is bound by trial judge's statement that special charge was refused as inapplicable to facts, in absence of contrary showing.**

Supreme Court is bound by trial judge's statement that special charge was refused on ground that it was inapplicable to facts, where there is nothing in the record to show the contrary.

2. **Criminal law** ☞815(1)—**Special charge, not correctly stating all details of facts recited nor stating other facts proved, held properly refused.**

Special charge, not correctly stating all details of facts therein recited nor setting forth other facts proved, *held* properly refused.

3. **Criminal law** ☞761(2)—**Judge may charge himself that certain judgment may be rendered if given facts are established, but need not assume their establishment and instruct to convict or acquit.**

While judge may charge himself that certain judgment may be rendered if given facts are established, he is not required to assume their establishment and give instructions to convict or acquit accused.

4. **Criminal law** ☞731—**Trial judge must decide criminal case from all evidence adduced.**

Judge trying criminal case must decide it from all the evidence adduced on the trial.

5. **Criminal law** ☞1159(2)—**Supreme Court cannot pass on sufficiency of evidence in criminal cases.**

In criminal cases, the Supreme Court cannot pass on the sufficiency of the evidence.

Appeal from Fourth Judicial District Court, Parish of Morehouse; J. T. Shell, Judge.

Harry Freeland was convicted of manufacturing intoxicating liquor for beverage purposes, and he appeals. Affirmed.

James Madison, of Bastrop, for appellant.

Percy Saint, Atty. Gen., David I. Garrett, Dist. Atty., of Monroe (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ROGERS, J. The appellant, Harry Freeland, was convicted and sentenced for manufacturing intoxicating liquor for beverage purposes. He predicates his appeal on bills of exception reserved to the refusal of the trial judge to give two special charges. In these charges the judge is requested to instruct himself that under the facts set forth therein the offense of manufacturing intoxicating liquor for beverage purposes could not have been committed.

[1] The first special charge was refused on the ground that it was inapplicable to the facts. There is nothing in the record to show the contrary; hence we are bounded by the statement of the trial judge. State v. Feazel, 162 La. 413, 110 So. 634; State v. Hinton, 164 La. 1010, 115 So. 127.

[2-5] The second special charge was refused because the facts therein recited are not correctly stated as to all the details, and other facts proved are not set forth. The trial judge charged himself that he must decide the case from all the evidence adduced on the trial. The reason assigned by the judge justified his refusal to give the requested charge. While a judge may charge himself that a certain judgment may be rendered if given facts have been established, he is not required to assume their establishment and give instructions to convict or acquit the accused. State v. Williams, 162 La. 867, 111 So. 262. The charge actually given by the judge is a brief and clear statement of the 'universal rule. In criminal cases, this court cannot pass on the sufficiency of the evidence.

For the reasons assigned, the conviction and sentence appealed from are affirmed.