(109 So. 771)

No. 27918.

STATE v. GAGE.

(June 28, 1926.   Rehearing Denied Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors** ⟪⇒137—**Refusal to instruct that defendant, to be guilty of manufacturing liquor, must have actually distilled liquor held not error (Act No. 39, Extra Sess. of 1921).**

In prosecution under Act No. 39, Extra Sess. of 1921, for manufacturing intoxicating liquor, it was not error to refuse instruction that, even though defendant had assembled plant and ingredients and was actually making whisky, he could not be guilty of offense unless he had actually distilled some liquor.

2. **Criminal law** ⟪⇒1165(1).

To justify setting aside verdict or judgment of conviction, ruling complained of must be so erroneous that, but for the error, different and more favorable result to accused would have been reached.

O'Niell, C. J., and St. Paul, J., dissenting.

Appeal from Eighth Judicial District Court, Parish of Winn; F. E. Jones, Judge.

J. H. Gage was convicted of manufacturing intoxicating liquor for beverage purposes, and he appeals. Affirmed.

Earl E. Kidd, of Winnfield, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Harry Fuller, Dist. Atty., of Winnfield (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ROGERS, J.   Defendant appeals from a conviction of manufacturing intoxicating liquor (whisky) for beverage purposes contrary to the provisions of Act 39 Extra Sess. of 1921.

At the time of his arrest, the defendant was in possession of a new 100-gallon still. This still was complete.   Near it were found ten barrels, in three of which there were chops, sugar, and hot water.   A tub with fire under it and containing boiling water was also found at the place.   When apprehended by the officers of the law the defendant was pouring hot water on the chops and sugar and stirring the mixture.   Prior to his arrest he had not actually run off any liquor from his still.

The sole bill of exception in the record presents the question of whether appellant should have been discharged on the ground that he was not manufacturing whisky.   The bill was taken to the refusal of the trial judge to charge himself, as a matter of law, that it is not sufficient to convict a party charged with manufacturing whisky to find him in possession of a still and barrels filled with chops, sugar, and hot water (not yet in a state of fermentation), and engaged in heating water and stirring the mash; it must be shown that the accused had actually distilled some liquor.

The trial judge refused the requested charge, because, in his opinion, the manufacturing of whisky consists in the preparation of the still and preparation of the chops, "and even all the various processes from taking (making?) it from chops to the actual distilling of liquor, and all the processes are a part of the manufacturing of whisky"; and, again, because "the preparing the still and having same in proper condition is just as much a part of manufacturing whisky as the distilling.   The securing of the still and the preparation of the mash and the distilling of the liquor are all different stages in the manufacturing of liquor."

[1, 2] We do not find any reversible error in the case.   Granting the trial judge stated the proposition too broadly when he said that, "the preparing the still and having same in proper condition is just as much a part of manufacturing whisky as the distilling," nevertheless, there is no reason to believe

that he was misled by the statement, since his reasons, as a whole, disclose his correct appreciation of the law applicable to the facts. It is not every error in the rulings of the trial judge that suffices to set aside a verdict or a judgment of conviction. The error must be so flagrant as to create a belief in the judicial mind that, but for its commission, a different and more favorable result to the accused would have been reached.

It is not disputed the defendant was engaged in making whisky, but it is argued because his efforts in that direction were stopped by the arrival of the officers he is not guilty of manufacturing. This interpretation of the law, if maintained, would lead to an absurdity—that it is the finished product only and not the actual manufacture of liquor which is prohibited.

In our view, it was not necessary for the state to show, in order to convict the defendant, that he actually produced intoxicating liquor at his still. He had assembled the plant and the ingredients, and was actually using them in making whisky. It would be a contradiction in terms to hold that a person who had equipped himself with the appliances and gathered the necessary ingredients and was actually making whisky was not, as a matter of fact, manufacturing whisky.

The object of the statute is to prohibit the manufacture of intoxicating liquor, and the fair presumption is that the purpose' of the Legislature was to suppress the manufacture of the prohibited article and not merely to close the stable door after the horse has been stolen. The legislative object and purpose should not be defeated by an interpretation of the law under which only the finished product is to be considered and not any of the efforts and means employed in making the forbidden liquor.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

O'NIELL, C. J., and ST. PAUL, J., dissent.