**(110 So. 634)**

**No. 28185.**

**STATE v. FEAZEL et al.**

(Nov. 2, 1926. Rehearing Denied Nov. 29, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⬅144(14)—Supreme Court is bound by trial judge's statement that requested instructions were inapplicable, in absence of contrary showing.**

Supreme Court is bound by statement of trial judge that requested instructions were inapplicable to facts, in absence of showing to the contrary.

**2. Intoxicating liquors ⬅137—Offense of manufacturing liquor is completed when party is manufacturing, and it is not necessary that some liquor must have actually been produced, (Act No. 39 of 1921 [Ex. Sess.]).**

Refusal, in prosecution under Act No. 39 of 1921 (Ex. Sess.), for manufacturing intoxicating liquor for beverage purposes, to charge

that liquor must have actually been produced in some quantity, *held* proper, since offense is complete when party carries intention so far as to be actually manufacturing, whether any is produced or not.

O'Niell, C. J., dissenting.

Appeal from Third Judicial District Court, Parish of Jackson; S. D. Pearce, Judge.

Jim Feazel was convicted of manufacturing intoxicating liquors for beverage purposes, and he appeals. Affirmed.

T. S. Price, of Ruston, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Wm. J. Hammon, Dist. Atty., of Jonesboro (E. R. Schowalter, of New Orleans, of counsel), for the State.

OVERTON, J. The defendant, Jim Feazel, was charged, under Act 39 of 1921 (Ex. Sess.), with manufacturing intoxicating liquor for beverage purposes. He was brought to trial upon this charge; the trial resulting in his conviction. From the sentence imposed, he prosecutes this appeal.

[1] After the evidence in the case was closed, defendant requested the trial judge to give three special charges. The first two requested are not discussed in defendant's brief. The trial judge refused to give these, because they were inapplicable to the facts. There is nothing to show to the contrary, and hence we are bound by his statement.

[2] Defendant relies chiefly, if not entirely, on the refusal to give a part of the third charge requested. That charge, in its entirety, reads as follows:

"I request the court to charge itself that it is not a violation of the laws of Louisiana to attempt to manufacture intoxicating liquor for beverage purposes, nor is it a violation of the law to have in one's possession a still for the purpose of manufacturing intoxicating liquor, and that, in order to convict one of manufacturing intoxicating liquor, the evidence must be sufficient to show that intoxicating liquor can be produced from the mash when run through the still, and was actually produced in some quantity."

162 LOUISIANA REPORTS

The judge gave this charge, but with its closing words, "and was actually produced in some quantity," omitted. The reason why the judge omitted these words is that he did not consider it necessary under the law that the liquor be actually produced in some quantity to complete the offense.

The facts in the case, as stated by the court in the per curiam attached to the bill, are as follows: At the time the defendant and his companion were arrested, they were found in possession of a still, which was capable of producing intoxicating liquor, and also of four barrels of mash, out of which whisky could be made, one of which had been emptied into the boiler of the still. At the time of the arrest, the defendant and his companion were preparing to light the kindling under the boiler for the purpose of making steam. The judge also states that, while no whisky had been actually produced, yet that defendant had actually commenced the manufacture of it by pouring the mash into the boiler, and by preparing to light the kindling under it; that, while the still had not been connected up in some minor particular, yet that the part necessary to make the connection was at hand, and that the connection could have been made even before the heating of the mash. He also says that defendant admitted that, had the officers waited a few minutes, "they would have found things going."

The question presented is whether the judge correctly refused to charge that it was necessary to a conviction that intoxicating liquor be produced in some quantity. A similar question was presented to us in the case of State v. Gage, our No. 27918, 161 La. 945, 109 So. 771. In that case, as in this, the charge requested included one to the effect that, in order to justify a conviction for manufacturing intoxicating liquor for beverage purposes (in that instance whisky), "it must be shown that the accused had actually distilled some liquor." This court held that the judge was correct in refusing to give the charge, and said:

"In our view, it was not necessary for the state to show, in order to convict the defendant, that he actually produced intoxicating liquor at his still. He had assembled the plant and the ingredients, and was actually using them in making whisky. It would be a contradiction in terms to hold that a person who had equipped himself with the appliances and gathered the necessary ingredients and was actually making whisky was not, as a matter of fact, manufacturing whisky."

In our opinion, the ruling made in that case is conclusive in the present one. The offense is complete when the party carries his intentions so far as to be actually manufacturing intoxicating liquor for beverage purposes, whether he produces any or not.

The record also presents a bill, taken to the overruling of a motion for a new trial. The bill presents nothing that we may review, not already considered.

For the reasons assigned, the verdict and sentence appealed from are affirmed.

O'NIELL, C. J., dissents.
ST. PAUL, J., concurs in the decree.