McCALEB, Justice.
On September 2, 1951, appellant killed his son-in-law, one Bobbie Lynn Haley, in Denham Springs, Livingston Parish, by shooting him with a shotgun. He was prosecuted for murder and, following a mistrial occasioned by the inability of the jury to reach a verdict, the district attorney nolle prosequied the indictment and filed a bill of information charging him with manslaughter. Subsequently a trial lasting several days was had on this charge, resulting in appellant’s conviction. After imposition of a penitentiary sentence of 10 years at hard labor, appellant prosecuted this appeal relying on 34 bills of exceptions for a reversal of the conviction.
We focus our immediate attention on Bill No. 11 which has reference to a certain unsolicited opinion given by the Coroner, one Dr. Williams, while he was testifying for the State at the inception of the trial. After stating that he had visited the scene of the crime on the day of the shooting, Dr. Williams was asked:
“Q. Will you please tell the jury what you know about that? A. I was called to the house and found a man lying on the ground with — he had fallen out of the door of his car, on the driver’s side of the car.”
Counsel for the defense promptly objected to the statement by the witness, that the deceased had fallen out of the door on the driver’s side of the car, on the ground *563 that this was simply an expression of the witness’ own deduction, drawn from the position in. which he had seen the body, and request was made of the judge to charge the jury to disregard it. But the judge overruled the objection and simultaneously told the witness “Testify only to what you saw”. Whereupon, counsel reserved a bill of exceptions.
It cannot be gainsaid that the statement of the Coroner was objectionable opinion evidence. Article 463 of the Code of Criminal Procedure, LSA-R.S. 15:463, provides:
“Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have.” (Emphasis ours.)
Of course, the doctor was an expert and it was permissible ‘for him to express an opinion on medical matters concerning which he had special knowledge by reason of his training and experience. But, in voicing his impression . or opinion that a man -had fallen out of the door of his automobile, when1 he had not been a witness to the occurrence, he was not giving expert testimony. Manifestly, he was no better qualified to draw such a conclusion than any lay witness.
That this evidence was highly prejudicial to appellant is also not a matter of doubt. He had pleaded self-defense and was' contending that the deceased had procured a weapon from the car and was advancing upon him to carry out a threat to kill, made only a few seconds prior to the firing of the fatal shot. The State, on the other hand, was maintaining that" the deceased had been shot while sitting in his car. Thus, the inadmissible unsolicited opinion of the Coroner was in direct support of the theory of the prosecution.
In his per curiam to this bill of exceptions, the judge states:
“The court immediately upon overruling objection of Counsel instructed the witness to testify as to only what he saw and specifically instructed the ‘jury’ immediately as to the law.”
The action taken by the judge did not. repair the damage. The overruling of the objection can only be regarded as an approval of' the witness’ statement to the jury. This error was not cured by the instruction to the witness to testify only as,J to things observed by him. • Indeed, this instruction may have created in the minds of the jury an impression not intended by the judge — that is, that the witness should testify only as to things he had seen and that everything that he had previously said was perfectly appropriate and should be considered because counsel’s objection was not well taken.
Nor do we think' that the instruction which the judge gave the jury, immediately after counsel had reserved this bill 'of ex *565 ceptions, remedied bis error in permitting the statement of the witness to stand; That instruction was merely that the jury should take the case and try it solely on the evidence it heard and that it was to disregard any statement by either the court or counsel “which is contrary to the evidence which you hear from the witness chair”. This does not inform the jury that it should not consider the objectionable opinion of the Coroner, rather, it suggests that the jurymen should scrutinize all the evidence heard from the witness chair and were to disregard the contrary statements of the court and counsel.
The proper procedure for the judge was to have sustained the objection and instructed the jury to disregard the statement of the witness. State v. Martin, 193 La. 1036, 192 So. 694. Since we find that the reception of this illegal evidence was prejudicial to the substantial rights of appellant, he is entitled to a new trial. State v. Larocca, 157 La. 50, 101 So. 868, 36 A.L.R. 686. In view of this, it is not necessary for us to consider the other bills of exceptions as they relate to matters which will not necessarily arise in another trial.
The conviction and sentence are annulled and set aside and the case is remanded to thé district court for a new trial.
FOURNET, C. J., absent.
PONDER, J., recused.