PONDER, Justice.
The defendant was charged with the possession and sale of marijuana. He was tried, convicted, and sentenced to serve seven and one-half years in the state penitentiary. He has appealed.
During the course of the trial, his counsel reserved thirty-one bills of exception to the rulings of the trial judge. The bill of exception which has given us most concern is Bill of Exception No. 2, taken to the ruling of the trial judge overruling a motion for a bill of particulars wherein counsel for the defendant requested to be informed as follows:
I.
To what person does the indictment refer when it charges that defendant allegedly sold marijuana.
II.
To what person does the Bill of Information intend to refer or mean when it charges that defendant allegedly delivered a narcotic drug.
V.
At what place in the Parish of Iberia did this alleged crime take place and at what time.
The bill of information charged the defendant with unlawfully possessing, having under his control, selling, and delivering a narcotic drug, to-wit: Marijuana, as defined by LSA-R.S. 40:961 in violation of LSA-R.S. 40:962. It will be observed that it is not set forth in the indictment the time *671 and place where the offense was committed and it is not set forth therein to whom the marijuana was sold.
Under our law a defendant is presumed to be innocent until his guilt is established beyond a reasonable doubt and he is entitled to be informed of the nature and cause of the accusation in order to prepare his defense. Whenever an accused is charged under the short form of indictment with an offense or charged under a statute so general in its terms as not to afford him sufficient information to reasonably prepare his defense, he should be afforded, under a bill of particulars, this necessary information. The provisions of the law providing for the furnishing of a bill of particulars in such cases is not an idle gesture. The purpose of a bill of particulars is to afford an accused a reasonable amount of information in order that he may properly prepare his defense, and to limit the scope of proof and restrict the introduction of evidence. State v. Bessar, 213 La. 299, 34 So.2d 785. It is well settled that the granting of a bill of particulars is within the sound discretion of the trial judge but the trial judge cannot arbitrarily refuse to order the'state to furnish essential particulars necessary for the preparation of a defense.
 It has been held where a short form of indictment is used in a prosecution which does not sufficiently set forth the facts to inform an accused of the nature and cause of the accusation in order to enable him to prepare his defense that an accused is entitled, upon timely request, to such details in a bill of particulars. State v. Holmes, 223 La. 397, 65 So.2d 890. The same rule applies when an accused is charged under the language of a statute which is so general in its terms that it does not sufficiently inform the accused of the nature and cause of the accusation. An accused should always be afforded sufficient information to prepare his defense and the refusal of the trial judge to order the state to furnish the essential particulars is an abuse of discretion. We have arrived at this same conclusion in State v. Butler, 229 La. 788, 86 So.2d 906.
Since we have arrived at the conclusion that there is merit in the foregoing bill of exception, it is not necessary to recite and discuss the other bills of exception.
For the reasons assigned, the conviction and sentence are set aside and the defendant is granted a new trial.
McCALEB, J., concurs in the decree.