89 So.2d 898

STATE of Louisiana

.v.

Nathan WILLIAMS, Jr.

No. 42654.

Feb. 20, 1956.

On Rehearing June 29, 1956.

Rehearing Denied Sept. 28, 1956.

Jack P. F. Gremillion, Atty. Gen., M. E. ·Culligan, Asst. Atty. Gen., L. O. Pecot, Dist. Atty., Franklin, Knowles M. Tucker, Asst. Dist. Atty., New Iberia, Nathan A. Levy, Jr., Asst. Dist. Atty., Franklin, for appellant.

J. Minos Simon, Lafayette, for appellee.

PONDER, Justice.

·The defendant has appealed from his conviction and sentence to serve seven and one-half years in the State Penitentiary under a bill of information charging him with unlawfully possessing, selling, and delivering a narcotic drug, to wit: Marijuana in violation of LSA–R.S. 40:962.

The defendant is relying (for a reversal of the conviction and sentence) on fifty-four bills of exception taken to the rulings of the trial court during the course of the trial. After an examination of these bills, we find that Bills of Exception No. 25 and No. 40 are meritorious. Without reciting the other bills or discussing them, it is sufficient to say that the conviction and sentence must be set aside because of the trial judge's erroneous rulings set forth in Bills of Exception Nos. 25 and 40.

It appears in Bill of Exception No. 25 that during the examination in chief of I. H. Otwell, a State witness, the following question was propounded to him by the State: "Can you identify the writing on the envelope?" In reply, the witness read to the jury an inscription on the envelope, viz.: "One marijuana cigarette given to me for replacement of two 'turkeys' sold to me * * *." whereupon counsel for the defendant interrupted and objected to the witness reading an inscription which had been written on the envelope by the witness at a time when he was alone in a tourist court and which seeks to incriminate the defendant. The objection was based on the ground that the evidence was immaterial,

irrelevant, self-serving and an ex parte statement by the witness. The objection was overruled by the trial court, whereupon counsel for the defendant reserved a formal bill of exception. The witness then read the following inscription written by him on the envelope at the tourist court, viz.: "One marijuana cigarette given to me for replacement of two 'turkeys' sold to me on 3-18-55. This cigarette given to me in 1951 Buick —55 La. 510-047 at 1 P.M. 3-20-55. These came from C. M. 'Cooker'. I. H. Otwell."

It appears that this envelope was later introduced in evidence at State Exhibit 2 and this forms the basis for Bill of Exception No. 40. This envelope was subsequently handed to and examined by each and every juror. The trial judge stated that the point raised is different from that raised in State v. Dore, 227 La. 282, 79 So.2d 309. We cannot agree with this conclusion for the reason that the holding in the Dore case is decisive of the issue raised herein. In the Dore case the written and verbal extra-judicial statements of a prosecuting witness were held to be hearsay, not original evidence, but emanating from a party interested and are never admissible except as a part of the res gestae. It was pointed out therein that a witness may use a memorandum to refresh his memory and that the introduction in evidence of the memorandum or written statement could serve no other purpose than to bolster as an attempted corroboration the testimony of that witness and, therefore, it was clearly inadmissible. Furthermore, as pointed out in the Dore case, the harm herein was further aggravated by the fact that the envelope was subsequently handed to and examined by each and every juror.

For the reasons assigned, the conviction and sentence are annulled and set aside and the case is remanded for a new trial, in accordance with law.

HAWTHORNE, J., dissents.

McCALEB, Justice (dissenting).

I entertain doubt that the envelope bearing an inscription relative to the purchase of the marijuana cigarette contained therein was inadmissible in evidence. But, even if it was, I am certain that the error in receiving it was not of such a prejudicial nature as to warrant a reversal of the conviction herein.

At the outset, it is clear that the marijuana cigarette which the witness, Otwell, purchased from the defendant was admissible in evidence, together with the envelope in which it had been deposited for safe-keeping since its acquisition. But counsel for defendant objected to Otwell reading the identifying inscription on the envelope to the jury on the ground that it was immaterial and irrelevant. This objection was not well founded, in my opinion, because the inscription, while recounting a fact to which

the witness had testified, was necessary for the purpose of identifying the marijuana ·cigarette as the one he had purchased from ·defendant.

The general rule throughout this country is that maps, photographs and other demonstrative evidence are not inadmissible, if they are otherwise relevant, because of markings or legends thereon, if the individual who made the mark or wrote the legend ·explains it or testifies as to its correctness. ·See Annotation 108 A.L.R. 1415–1428 and ·the many cases cited in support of the text.

The case of State v. Dore, 227 La. 282, ·79 So.2d 309, relied on by the majority, is not apposite. There, the prosecuting witness was permitted to read a statement that she had given to the Coroner and this statement was subsequently offered in evidence and read by the district attorney to the jury. ·The court correctly found that this hearsay statement was offered for no other purpose ·than to bolster the testimony of the prosecuting witness and that the reading of it to the jury by the district attorney was especially prejudicial as the force of his personality and the weight of his public office unduly ·enhanced its evidentiary value.

However, it is manifest in this case that ·the inscription on the envelope containing ·the marijuana cigarette did not bolster the ·testimony of the witness, Otwell, in any appreciable measure and the State did not ·offer the exhibit for that purpose. On the contrary, as I have above pointed out, the cigarette and the envelope with the notation thereon in Otwell's handwriting was offered for the purpose of identifying the cigarette as the one purchased from the defendant. The cigarette, though prejudicial, was clearly admissible being corroborative of Otwell's testimony but, in order to be received, it first had to be identified by the witness as the one purchased from defendant. This could only be done by the inscription on the envelope in the handwriting of the witness. Under the decision herein, it will be henceforth practically impossible to offer this type of exhibit in evidence.

But, even though it be conceded that the majority are correct in holding the inscription on the envelope inadmissible, I fail to perceive that the error has been so prejudicial as to authorize a reversal of the conviction. It has many times been recognized that it is not every error committed in the lower court which entitles the defendant in a criminal case to a new trial. State v. Saia, 212 La. 868, 33 So.2d 665 and State v. Grayson, 225 La. 142, 72 So.2d. 457. And Article 557 of the Code of Criminal Procedure (R.S. 15:557) specifically provides, among other things, that a new trial shall not be granted in any criminal case because of the improper admission or rejection of evidence unless it appears that the error complained of has probably resulted in a miscarriage of justice or is prejudicial to the substantial rights of the accused.

It is difficult for me to comprehend how the introduction of the envelope, containing the notation of the identical facts testified to by Otwell, substantially prejudiced the defendant or was a contributing factor in his conviction.

I respectfully dissent.

On Rehearing

McCALEB, Justice.

A reconsideration of this matter has convinced us that we erred in holding that the case of State v. Dore, 227 La. 282, 79 So.2d 309, is decisive of the issues raised herein by appellant under his Bills of Exceptions Nos. 25 and 40.

Bill No. 25 exhibits that, during the examination in chief of the prosecution's witness, Otwell, he was handed an envelope containing a marijuana cigarette and was asked if he could identify the writing on the envelope. Instead of giving a direct answer, the witness began reading to the jury the inscription on the envelope, viz., "One marijuana cigarette given to me for replacement of two 'turkeys' sold to me * * *", at which point appellant's counsel objected to the witness reading the inscription on the ground that it was immaterial and irrelevant and, further, that it was a self-serving ex parte statement of the witness. The

objection was overruled and Otwell then proceeded to read the entire inscription written by him on the envelope (quoted in full in the original opinion) which sets forth the circumstances under which he acquired the marijuana cigarette contained therein.

Later during the trial, when the State Chemist was on the stand, the prosecution offered in evidence the envelope and its contents which were marked "State Exhibit No. 2". Defense counsel objected to the offer on the grounds that the evidence was immaterial and irrelevant and had not been properly identified. When the objection was overruled, Bill No. 40 was reserved.

Insofar as Bill No. 25 is concerned, it is to be observed that the statement of the witness was not responsive to the question propounded by the prosecution. Hence, defense counsel should have requested the judge to strike the unresponsive statement and instruct the jury to disregard it. However, even though we treat counsel's objection as procedurally sufficient to question the admissibility of the inscription on the envelope, it is plain that, since that inscription was placed thereon solely for identification of the marijuana cigarette with the transaction for which appellant was being tried,[1] the case is not at all parallel to State v. Dore where it was found that the hearsay

1. It is the personal view of the author of this opinion that the inscription on the envelope was clearly admissible for iden-

tification purposes. 2 Wharton's Criminal Evidence (12th Ed.), Sec. 665, p. 586 and Sec. 688, p. 670; 108 A.L.R.

statement was introduced for no other purpose than to corroborate and bolster the testimony of the prosecuting witness. Indeed, when the envelope containing the inscription and the cigarette was offered in evidence, counsel did not object to its admission on the ground that the State intended to corroborate Otwell's testimony by the inscription on the envelope. His objection was, as above stated, that the exhibit was immaterial and irrelevant and had not been properly identified. Obviously, this objection was not well founded and the failure to object on the ground now complained of operated as a waiver of the previous objection that had been made to Otwell's voluntary and unresponsive act in reading the statement while he was on the stand.

■ In any event, even were we to regard counsel's objection as sufficient and rule that the judge erred in permitting Otwell to read the identifying inscription to the jury, it seems clear that the error was not so prejudicial to the substantial rights of appellant as to warrant a reversal of his conviction on that ground. The incrim-

inating inscription recited facts as to which Otwell himself gave testimony and he was available for cross-examination by defense counsel on those facts as well as on the identifying inscription on the envelope. Under these circumstances, if error was committed it was inconsequential. Article 557 of the Code of Criminal Procedure (R.S. 15:557); State v. Saia, 212 La. 868, 33 So.2d 665 and State v. Grayson, 225 La. 142, 72 So.2d 457.

We pass on to a consideration of the remaining bills of exceptions in the case, fifty-two in number.

Bill No. 1 was taken to the overruling of appellant's motion for a bill of particulars. It was neither argued nor briefed by defense counsel on the original hearing. However, counsel stresses the bill on rehearing, asserting that it is well taken because the request refused by the judge included some of the particulars to which we found the defendants to be entitled in State v. Butler, 229 La. 788, 86 So.2d 906 and State v. Dugan, 229 La. 668, 86 So.2d 528, the opinions in which were handed down the same day as the original opinion in this case.

1415–1428 and the many authorities cited therein; 20 American Jurisprudence, Verbo "Evidence", Par. 741, p. 617 and State v. Dunn, 161 La. 532, 578, 109 So. 56, 73. True enough, there may be cases in which the identifying marks or writing detail facts far beyond their stated purpose. But, where the witness making such marks or writing is placed on the stand and is available for cross-examination, as here, it is not seen how there can be any solid ground for an objection,

see State v. O'Day, 191 La. 380, 185 So. 290; State v. Willie, 196 La. 181, 198 So. 897 and State v. Graffam, 202 La. 869, 13 So.2d 249, unless it is clear to the judge that the prosecution is attempting to use the data to bolster the testimony of the witness. In such instances, it would seem that the judge, upon request or on his own volition, would instruct the jury that the marks or writing should not be considered except for identification purposes.

We have examined the Butler and Dugan cases and find that the information requested in the bills of particulars there was not the same as that set forth in the bill of particulars filed in this case. In those matters, the defendants asked to be given the name of the person to whom they allegedly sold marijuana and the places in the Parish of Iberia and the times at which the alleged crimes were committed. We held that the judge erred in not requiring the prosecution to comply with the requests, being of the opinion that the desired information was essential in order to enable defendants to prepare their defense. See per curiam written on application for rehearing in State v. Butler, supra.

The particulars requested by appellant in the instant case are singularly different. His initial request is that he be furnished with the facts from which the conclusion is drawn that his possession of the marijuana was unlawful. This is a request for the State's evidence, to which he is not entitled. State v. Poe, 214 La. 606, 38 So.2d 359. And the same is true of his second and third requests that the State set forth the act or acts constituting the possession charged in the bill of information and that he be given a description of the character and type of his possession of the marijuana.

The fourth request apparently has no relation to the bill of information at all

as it seeks particulars regarding an alleged concealment. The bill of information simply charges, in the language of the statute, that appellant unlawfully possessed, had under his control, sold and delivered a narcotic drug, to wit, marijuana.

The fifth and sixth requests are that the State furnish appellant with particulars as to whether he is being charged with active or constructive possession and, if constructive possession, that he be given the facts on which that charge is founded. Obviously, this is a demand for the State's evidence. And the seventh and eighth requests, which are in the same category, are that he be given information regarding the weight, amount and description of the marijuana he allegedly possessed and whether it was visible to the naked eye and subject to his manual control and domination.

The general rule is that the granting of a bill of particulars is within the sound discretion of the trial judge. Article 288 of the Code of Criminal Procedure (R.S. 15:288); State v. Poe, supra, and State v. Labat, 226 La. 201, 75 So.2d 333. We find no abuse of discretion by the judge in this case.

Bill No. 2 was neither argued nor briefed and, hence, we consider it as abandoned.

Bills Nos. 3 and 4 are identical and were reserved when the judge sustained objections of the prosecution to a question

which was propounded by defense counsel to two prospective jurors on their voir dire examination. The question reads:

"If the Court were to instruct you that in determining the credibility of a witness, that is, the degree and weight you're going to give to his testimony, whether you are going to believe him or not believe him and to what extent the law provides that you must consider the interest, the bias and the prejudice that the witness may have in connection with the prosecution, do you have any prejudice against such a law and would you follow and apply that law if so instructed by the Court?"

This question appears to be most confusing. Apparently, its purpose was to ascertain from the prospective jurors whether they had any prejudice against persons

charged under the Narcotic Act and also whether they would consider that a witness for the prosecution might be biased and prejudiced against appellant. In either event, the judge was right in sustaining the objection. It is not proper for counsel to interrogate prospective jurors concerning their reaction to evidence which might be received at the trial. State v. Henry, 197 La. 999, 3 So.2d 104; State v. Morris, 222 La. 480, 62 So.2d 649; State v. Washington, 225 La. 1021, 74 So.2d 200 and State v. Peltier, 229 La. 745, 86 So.2d 693.

In the same category are eighteen bills of exceptions, numbering five through twenty-two, all relating to the overruling of a lengthy and involved question [2] which was propounded to prospective jurors during the course of their voir dire examination.

2. As directed to prospective juror, Mrs. Rachel P. Broussard, it reads:
   "Having discussed whether or not you would accept the instruction of the Court that lack of evidence must be considered with the same degree as evidence itself in arriving at the guilt of the accused party, I ask you, Mrs. Broussard, the following question: If the defense brings to bear evidence to show that the State Police of Louisiana had available to it scientific equipment designed expressly for crime detection and particularly as applies to this case phosphorus that is invisible to the naked eye and that may be put on United States currency whether paper dollars or coins and if given to a suspect for an exchange of a contraband commodity and placed in his pocket or in his wallet or anywhere on his person, invisible phosphorus would attach to the person or the object and that this would remain on him for an indefinite period of time and if it could be further demonstrated that at any time in the indefinite future by the use of scientific equipment available to the State it could apply a black ray light to the clothing or wallet of any suspect and that this phosphorus would show up under that light, if it could be further shown that the State is equipped with other scientific methods of crime detection such as taking serial numbers on United States currency and the taking of fingerprints on any object touched by a suspect, if that can be shown by the defense as a defense and that it may be further shown that the State officers for reasons that are unexplained deliberately failed to use these available scientific instruments in their investigation, if this is shown as an effort to show a deliberate lack of evidence would you have any prejudice or bias against such a defense?"

A mere reading of the question, which we have reproduced in footnote No. 2, demonstrates that it is unnecessarily lengthy and obscure and we doubt that it could have been answered intelligently. It is also objectionable in that it contains a recitation of unproven facts from which it is sought to elicit in advance the jurors' opinions as to whether they were prejudiced concerning some future defense. Article 357 of the Code of Criminal Procedure (R.S 15:357) provides that the voir dire examination of jurors is limited to an ascertainment of their qualifications to try the case. It was never the intent of that Article to permit a hypothetical question, such as the one under scrutiny, which relates to evidence which may or may not be submitted and this Court has consistently ruled that the trial judge has a wide discretion in restricting the voir dire examination, which will not be disturbed save in cases of clear abuse. State v. Morris, supra, and State v. Washington, supra.

Bill No. 23 was reserved during the examination in chief of I. H. Otwell, the main witness for the prosecution. He was permitted to testify over the objection of defense counsel as to the meaning of the word "stick" when used in relation to traffic in marijuana cigarettes. After the witness had explained to the jury that "stick" was the term commonly employed by users in that part of the State when referring to a marijuana cigarette, counsel

moved the court to instruct the jury to disregard the answer as it carried with it the effect of identifying appellant with persons engaged in narcotic violations. When the motion was refused, Bill No. 24 was reserved.

The bills are without merit. The question and answer were perfectly proper in order to clarify and explain a slang expression incomprehensible to most laymen. It is not seen how appellant was in any way prejudiced by this evidence since no reference was made to him whatsoever.

Bill No. 26 was taken when the court refused to instruct the jury to disregard a portion of a statement made by Otwell during his cross-examination by defense counsel. Otwell was asked "For what reason did you ask to see Nathan Williams?", to which he replied "I went to see if I could buy marijuana, I had heard he had sold them". Counsel then queried "You said you had heard he was pushing marijuana?", and the witness replied "I don't recall my exact words".

Counsel argues that the statement of the witness as to why he wished to see appellant was hearsay. True enough, it was hearsay but it was given in response to counsel's question. We do not understand that an accused in a criminal case can ever complain about evidence, even hearsay evidence, that is elicited on his behalf. State v. Cooper, 223 La. 560, 66 So.2d 336, relied on by appellant, is clearly inapposite as, there, the

statement objected to by defense counsel was not responsive to the question and was made while the state witness was under direct examination.

■ Bills Nos. 27 and 28 have been neither briefed nor argued by counsel for appellant and we therefore consider them to be abandoned.

■ Bills Nos. 29, 30 and 31 were taken when the judge sustained objections of the State to three questions which were propounded by defense counsel in cross-examining the State witness, Otwell, allegedly for the purpose of establishing that Otwell was biased and prejudiced against appellant. The questions are as follows:

"Isn't it a fact that you were told not to arrest anyone but to wait for a sensational raid to be made at the direction of Colonel Grevemberg?"

"Isn't it also a fact that the reason you were not supplied with all the scientific equipment available to the State Police to make a proper investigation here was so as to run roughshod over the situation and just have enough evidence to make a semblance of a case against parties accused in order that you might thereby create an opportunity for a sensational raid directed by Colonel Grevemberg?"

"Isn't it also a fact that you have been told and and have learned that Colonel Grevemberg who was the head

of this raid has come into this City particularly and in talking about his raid and about these cases has stated he is a likely candidate for Governor of the State of Louisiana and you are thereby interested in giving your testimony so as to vindicate his evidence?"

We think the judge ruled correctly. Article 374 of the Code of Criminal Procedure (R.S. 15:374) provides that "Neither upon direct nor cross-examination is it permissible to propound a question which assumes * * * as proven facts which have not been proven, * * *". Each of the above questions would seem to assume the unproven fact in this case that Colonel Grevemberg (then the Superintendent of State Police) had planned a sensational raid in New Iberia. In any event, the questions appear irrelevant since it is difficult to perceive that, even if they had been answered in the affirmative, it would establish any bias or prejudice of the witness toward appellant.

Bills Nos. 32 through 39 have been neither briefed nor argued in this court and we therefore treat them as abandoned.

■ The judge charged the jury that they could return one of twelve verdicts in the case and thereafter detailed each verdict that was responsive to the charges set forth in the bill of information. Counsel for appellant objected to all of the responsive verdicts specified by the judge

except Nos. 1 and 12, viz., "guilty as charged" and "not guilty". The objections were overruled and Bill No. 41 was reserved. The basis of counsel's objections seems to be that all of the verdicts charged as responsive were for crimes which were not of less magnitude or grade than those specifically set forth in the bill of information.

We find it difficult to comprehend counsel's position as it appears that the judge properly instructed the jury as to the law applicable to all offenses of which appellant could be found guilty under the bill of information, including attempts to commit the crimes charged, which were offenses of less magnitude or grade than those set out in the information. See Article 27 of the Criminal Code (R.S. 14:27). Counsel proclaims that the instructions of the judge served only to confuse the jury as to the responsive verdicts. This contention, of course, overlooks Article 386 of the Code of Criminal Procedure (R.S. 15:386) requiring that "the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment". Failure of the judge to comply with this provision would have constituted reversible error.

Bills of Exceptions Nos. 42, 43, 44, 45, 46 and 47, which have been grouped in appellant's brief for presentation and argument, refer to the denial by the judge of certain special charges to the jury requested by defense counsel and to an alleged error of the court in refusing to allow counsel to make a statement of facts before the jury, which statement, according to counsel, would have exhibited that appellant was entitled to the requested special instructions.

In his requested special instruction No. 2, which forms the basis of Bill No. 42, counsel sought to have the judge comment on the failure of the State to employ certain scientific equipment in the detection of the offense for which appellant was being tried and to tell the jury that, if it found that the State deliberately failed to use available scientific equipment, it was justified in returning a verdict of not guilty.

The requested charge was properly refused by the judge on the ground that it dealt with matters that were not in evidence; that it was not wholly correct and wholly pertinent and that it would be confusing to the jury since it required qualification, limitation and explanation. When the charge was refused, counsel asked the court for permission to make a factual statement before the jury for the alleged purpose of demonstrating the court's error in refusing to give the instruction. This, the court refused to do and Bill of Exceptions No. 43 was reserved.

Bill No. 44 was taken to the denial of special instruction No. 3, in which the court was, in effect, requested to comment on the credibility of two witnesses. And Bill No. 45 was reserved when the judge

refused to permit counsel to make a factual statement before the jury to demonstrate the error of the court's ruling.

Bill No. 46 was taken to the court's refusal of special instruction No. 4, which, as with requested special instruction No. 3, would have required the judge to comment on the credibility of a particular witness. And Bill No. 47 (like Bills Nos. 43 and 45) was reserved when the judge refused counsel's request to make a factual statement before the jury for the purpose of showing that the court had erred in refusing the requested instruction.

Counsel does not point out in this Court any error in the trial court's refusal of the special instructions and, as we have above indicated, we are satisfied that the rulings of the judge were eminently correct for the reasons stated in his per curiam. However, counsel takes the position that the judge's reasons are predicated on an incorrect finding of facts and he claims that he could have demonstrated this but for the erroneous action of the judge in denying him permission to state his version of the facts before the jury. In support of this postulation, counsel cites Article 391 of the Code of Criminal Procedure (R.S. 15: 391) and State v. Pearson, 224 La. 393, 69 So.2d 512.

The complaint is groundless. Article 391 of the Code of Criminal Procedure provides that the bill of exceptions "shall be accompanied by such a statement of facts as shall show the error in the charge given, or in the refusal to charge as requested, * * * ". The purpose of the requirement of a statement of facts accompanying a bill of exceptions is to enable the appellate court to determine for itself whether error has been committed in the charge to the jury or in the refusal of a requested charge. See State v. Feazel, 162 La. 413, 110 So. 634 and State v. Linam, 175 La. 865, 144 So. 600. The Article furnishes no basis for counsel's request of the judge in this case that he be permitted to exhibit the error in the judge's ruling by making a factual statement in the presence of the jury, nor does State v. Pearson support any such proposition.

Bills Nos. 48, 49, 50, 51, 52, 53 and 54 have not been briefed nor argued orally. We consider them as abandoned. However, counsel claims in his brief, as an error patent on the face of the record, that the bill of information in this case is fatally defective since it merely describes appellant's possession of the marijuana as unlawful and does not specifically state that he possessed it with guilty knowledge. A similar contention was made by counsel and rejected by us in State v. Peltier, 229 La. 745, 86 So.2d 693. Further comment would be superfluous.

The conviction and sentence are affirmed.

HAMITER, J., concurs in the decree.

PONDER, J., dissents.