ON REHEARING
SANDERS, Justice.
We granted a rehearing in this case as to Bill of Exceptions No. 3, because of defense counsel’s forceful allegations that the defendant was prejudiced by the trial judge’s arbitrary restriction upon voir dire examination of jurors. . ....
The defense examination of the prospective juror, Joseph Silas Johnson, Jr., immediately preceding the contested ruling, was as follows:
“Mr. Johnson, will you follow the Court’s instructions that were given to you a little earlier?
“Yes sir.
“In particular, will you follow, the instructions of the Court thát the defendant *408 is presumed to be innocent until he is proven guilty?
“Yes sir-
“Do you have any opposition to the Courts comment that the indictment is proof of absolutely nothing?
“BY THE COURT: Mr. Kennedy, in reference to that, I have instructed the jurors on preliminary on the law. At the conclusion of the evidence, I will instruct them fully and completely on the law applicable to the case and to instruct them to accept the law as I give it to them and whatever their personal feelings about the law is of no importance because they have got to follow the law -that I give and we are not going to go into whether they are going to accept each phase of the law that I give them. He has told you that he would follow the law that was given to him by the court and I know Mr. Johnson and I know that he will do that. We are not going to just break it all down and ask him each phase of the law because really criminal procedure takes one semester of law school and we don’t have that long to try this case.
“BY MR. KENNEDY: Your Honor, I. understand what you mean but I feel like we are entitled to examine the prospective jurors on the specific charges of law, to determine if they will follow your instructions. I am afraid of one particular juror — not necessarily one but some of them may have particular opposition to one particular charge and I think we should find it out now so that they can be excused from service.
“BY THE COURT: Well, if we did that I would have to give my full charge to the juror and just go through that thing and all we would do would be to have a nice little course in criminal procedure, which we are not going to permit at this time. I have made my ruling arid you can reserve your bill and I expect no more questions regarding the law except the blanket questions of whether or not the jurors will follow the law given to them by the Court.”
The question raised is whether, after the juror had testified that he would follow the judge’s instructions on the law including the presumption of innocence, the trial judge abused his discretion in disallowing further examination as to his understanding of and reaction to the various rules of law deemed applicable to the case.
Article 786 of the Louisiana Code of Criminal Procedure provides:
“The court, the state, and the defendant shall have the right to examine prospective jurors. The scope of the examination shall be within the discretion of the court. A prospective juror, before being examined, shall be sworn to answer truthfully questions asked him *410 relative to his qualifications to serve as a juror in the case.”
Under the above article, the voir dire examination is a joint undertaking of the court, the district attorney, and the defense counsel. It is designed to discover bases for challenges for cause and to secure information for an intelligent exercise of peremptory challenges. See State v. Harper, 260 La. 715, 257 So.2d 381 (1972); State v. Hills, 241 La. 345, 129 So.2d 12 (1961); State v. Brazile, 229 La. 600, 86 So.2d 208 (1956).
One of the grounds on which the State or defendant may challenge a juror for cause is his unwillingness to accept the 'law as given to him by the court. LSA-C.Cr.P. Art. 797. Hence, the trial judge properly allowed defense cousel to ask the juror whether he would follow the court’s instructions as to the law. Quite clearly, the additional questions were designed to probe in detail his knowledge of the legal rules and his reaction to them.
Article 786 provides that the scope of examination shall be in the discretion of the court. In the absence of a clear abuse of that discretion, this Court will not disturb the ruling. State v. Richey, 258 La. 1094, 249 So.2d 143 (1971); State v. Schoonover, 252 La. 311, 211 So.2d 273, cert. den. 394 U.S. 931, 89 S.Ct. 1199, 22 L.Ed.2d 460 (1969); State v. Williams, 230 La. 1059, 89 So.2d 898 (1956).
In the present case, the trial,judge allowed defense counsel to- -conduct a lengthy examination of the juror, relating to his impartiality, prior knowledge, of the- ;crime, acquaintanceship with the district attorney, law enforcement officers, and witnesses. Following this, defense counsel received from the juror the affirmative response that he would follow the judge’s instructions as to the law.
In his Per Curiam, the trial judge states:
“Prior to any questioning by any of the attorneys, either for the State or for the defense, the Court instructs all of the jurors as to the law applicable to the trial of any criminal case. These instructions cover reasonable doubt, burden of proof, presumption of innocence, the fact that the bill of information is not evidence of guilt, and the filing or finding of such bill of information or bill of indictment creates no presumption whatever and is proof of nothing, etc. These instructions were given to the jurors in this case. After I instructed the jurors on these phases of law I asked if there were any on the venire list that could not fully accept the law and apply it as given by the Court. None of the jurors responded in the negative. On voir dire examination I permit counsel to ask the prospective juror if he will apply all of the law and follow all of the law that is given by the Court. He understands what the law is as it has been explained tq him. *412 I permit counsel to do this even though this is actually repetitious of what the Court has done prior to examination by counsel. I do not permit counsel to ask specific questions into every particular phase of the law which I have covered in the preliminary instructions or which I will cover in the final instructions. As to this particular juror, counsel asked the question as follows:
“ ‘Q Mr. Johnson, will you follow the Court’s instructions that were given to you a little earlier?
“ ‘A Yes sir.’ ’’
“It would have served no purpose to permit counsel to break down this one question if the jurors would follow the law as given by the Court into many questions and get the same response. In the first place counsel is not permitted to ask the jurors of their understanding of the law.”
This Court has long viewed with disfavor the extended interrogation of a juror as to his understanding of or reaction to the particular phases of law on which the trial judge has a duty to instruct him. See State v. Richey, 258 La. 1094, 249 So.2d 143 (1971): detailed inquiry about presumption of innocence and reasonable doubt; State v. Schoonover, 252 La. 311, 211 So.2d 273 (1968): lengthy statements of particular phases of law; State v. Oliver, 247 La. 729, 174 So.2d 509 (1965): inquiry as to whether juror would feel the defendant guilty because he was charged or because he might not testify; State v. Bickham, 236 La. 244, 107 So.2d 458 (1958): lengthy statements of particular phases of law; State v. Dabts, 228 La. 960, 84 So.2d 601 (1955): defense counsel reading law to jurors on voir dire; State v. Brown, 172 La. 121, 133 So. 383 (1931): trial judge stating the law of self-defense during voir dire to enable defense counsel to question the juror concerning it; State v. Dreher, 166 La. 924, 118 So. 85 (1928): questions as to the juror’s understanding of the law relating to burden of proof, reasonable doubt, and elements of the crime; State v. Webb, 156 La. 952, 101 So. 338 (1924): question as to whether juror believed in the right of self-defense; State v. Sinigal, 138 La. 469, 70 So. 478 (1916): trial judge stating the law of self-defense for voir dire examination; State v. Willie, 130 La. 454, 58 So. 147 (1912): questions as to burden of proof and reasonable doubt. See also Marr’s Criminal Jurisprudence of Louisiana § 453, p. 691 (1923).[1]
In State v. Oliver, supra, the defense sought to ask the jurors whether the defendant’s failure to take the stand would *414 cause them to draw an adverse conclusion as to his innocence and whether the circumstance that defendant was charged and brought to trial would cause them to feel that he was guilty. This Court affirmed the trial judge’s exclusion of these questions, holding:
“While the jurors are the'judges of the law and the facts of a criminal case in Louisiana, they are duty bound to accept the law as instructed by the court and it is always to be presumed the jurors will comply with this duty. Indeed, they take an oath so to do. And, albeit it is proper on the voir dire examination of a juror for counsel to inquire whether he is willing to accept the law as instructed by the court (see State v. Green, 244 La. 80, 150 So.2d 571), the judge exercises a sound discretion in restricting the breadth of the examination to this inquiry, so that counsel may not unduly explore every detail of the mental attitude of the juror in order to commit him in advance as to his reactions to evidence or the lack of it or as to his application of the law to the facts under the instructions given by the judge. See Marr’s Criminal Jurisprudence, 2nd Ed., Vol. 1, Secs. 456, 457 and cases cited in support of the text.”
In State v. Brown, supra, the trial court refused to allow defense counsel to ask the juror whether he had anyprejudice against the law of self-defense. Defense counsel conceded that the ruling was correct. The Court then sustained an objection to the following question:
“Have you any prejudice against the law of self-defense, and I couple with the question a request that the court explain the law of self-defense to the juror.”
This Court affirmed, holding:
“The ruling of the court is correct. The answer of the juror to the questions propounded to him shows that he understood that it was his duty to take the law as expounded by the judge. He said he would do that. That was all defendant had a right to expect and demand. It is not the duty of the trial judge to go into detail and explain to a prospective juror who is being examined on his voir dire all of the different phases of the law which may be applicable to the case on trial. The time for him to do that is after the testimony is closed, and the case is argued and submitted by the state and the accused.”
In State v. Webb, supra, the trial judge excluded the following question addressed to the juror: “ . . . [D]o you believe that a man has the right to defend himself when he is or may be suddenly or violently attacked ?”
In affirming the conviction, this Court stated:
“It is not permissible for counsel to question jurors as to their individual opinion or belief as to what the law is or *416 ought to be in a given case or under certain circumstances. It is true that the Constitution declares that jurors are the judges of both the law and the facts in a criminal case on the question of the guilt or innocence of the accused party, but this is true with respect to the law only in the sense that they are to accept the law'as given to them in the charge by the-court and apply it to the facts of the particular casé.” •
Although the authorities are divided, the prevailing view in this country is that examination of jurors as to their knowledge of or reaction to particular phases of the law to be.given, by the court is impermissible. People v. Modell, 143 Cal.App.2d 724, 300 P.2d 204 (1956); State v. Bolle, Mo., 201 S.W.2d 158 (1947); State v. Mosier, Mo., 102 S.W.2d 620 (1937); Commonwealth v. Calhoun, 238 Pa. 474, 86 A. 472 (1913); Fugitt v. State, 85 Miss. 86, 37 So. 557 (1904); Duffy v. Carroll, 137 Conn. 51, 75 A.2d 33 (1950); Harrell v. Commonwealth, Ky., 328 S.W.2d 531 (1959); 50 C.J.S. Juries § 275, p. 1043; Annot., 99 A.L.R.2d 7, 20-23; The State Trial Judge’s Book (National Conference of State Trial Judges and' the Joint Committee for the Effective Administration of Justice ed. 1965) p. 93; Kennelly and Chapman, The-Lawyer’s Guide p. 168 (1970).[2]
The prevailing rule is correctly sdmmarized in Trial Lawyer’s Guide, supra, as follows:
“In most jurisdictions today, court rules and statutes prohibit the discussion of law during the selection of the jury. This is considered the exclusive province of the trial judge. The extent to which the trial lawyer may now go in the selection of the jury concerning the law is to ask if the jurors will follow the law as given by the court, even though they may disagree with the law, or may feel that the law should be other than as given by the court.”
The State Trial Judge’s Book, prepared by the National Conference of State 'Trial Judges, supra, adopts the prevailing rule:
“Questions should be limited to material and relevant matters having relation to the qualification or disqualification of the jurors. They should not anticipate the instructions of the court and demand reaction thereto.”
Defendant contends that our original judgment in this case conflicts with that in State v. Crittle, 263 La. 418, 268 So.2d *418 604. (1972), handed down the same day. However, the judgment in State v. Crittle noted the following distinction:
“Under the present facts and circumstances surrounding defense counsel’s questioning of prospective jurors, we find that the trial judge restricted him too severely and too narrowly. Counsel was not present in court on the Monday prior to the instant trial when the prospective jury panel was instructed; there was no requirement that he be present. The jury panel was not reinstructed in counsel’s presence. Counsel was interrupted at the inception of these proceedings; he was not allowed to try this case to the best of his ability.”[3]
•Under the circumstances of the present case, we conclude that the trial judge did not abuse his discretion in disallowing the additional questions concerning the juror’s understanding of and reaction to the various rules of law deemed applicable to the case.
For the reasons assigned, our original judgment affirming the conviction and sentence is reinstated and made the final judgment of this Court.
BARHAM, J., dissents for reasons assigned in dissent on original hearing.
TATE, J., dissents for the reasons noted by the dissents at the original hearing.
DIXON, J., dissents.

. This Court has occasionally upheld the trial court’s broad discretion in permitting interrogation of a juror about a particular rule of law. See e. g., State v. Plumlee, 177 La. 687, 149 So. 425 (1933) : “unusual and novel points of law”.

. Current judicial reform is moving in the direction of expediting the voir dire examination of jurors, a procedure that has contributed ' substantially to court delays and congestion. See State v. Manley, 54 N.J. 259, 255 A.2d 193 (1969) and the authorities-'therein - cited; Levit, et al., Expediting Voir Dire: An Empirical Study, 44 So.Cal.L.Rev. 916 (1971) ; Justice in the States: Addresses and -papers of the National Conference on-the Judiciary (3 971), especially Edward Bennett Williams at p. 37.

. The author of this opinion dissented in State v. Crittle.