304 So.2d 318 (1974)
STATE of Louisiana
v.
Dorothy J. CONRAD.
No. 54367.
Supreme Court of Louisiana.
December 2, 1974.
Bernard J. Bagert, Jr., Bagert & Bagert, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Appellant was convicted after a trial by jury of possession of marijuana and was sentenced to serve six months in jail and to pay a fine of $250. Although fourteen bills of exceptions were perfected only three are relied upon for a reversal of appellant's conviction and sentence. Finding merit in appellant's arguments relative to Bill of Exceptions No. 2, we pretermit a discussion of the other bills of exceptions.
Bill of Exceptions No. 2 was reserved when the trial court refused to allow defense counsel to elicit from several prospective jurors the answers to the following questions:
"Gentlemen, we have a serious drug problem in this state, in this country. Will that and the fact that this is a drug case in any way affect your impartial judgment in this case? Do you feel that a person charged with possession of a large quantity of Marijuana, for example, should satisfy you as to her innocence?"
The defendant argues that the trial court's refusal to allow her to elicit this information from the prospective jurors improperly curtailed her right to voir dire examination. In its per curiam to this bill of exceptions, the trial court sets forth its position that defendant's question regarding the burden of proof and the presumption of innocence was improper because it asked the prospective jurors to commit themselves in advance on a matter of evidence to be introduced at trial. The State likewise argues in brief that questions which seek to secure advance commitments by prospective jurors on trial issues are properly disallowed by the trial court.
*319 It is clear to us that the question asked by defense counsel regarding the prospective jurors' ability to exercise impartial judgment despite their possible attitudes toward drug crimes and the question dealing with the prospective jurors' beliefs about the burden of proof and the presumption of innocence which should obtain in the prosecution do not constitute questions seeking advance commitment on possible trial issues. Defendant's questions were merely an attempt to uncover any prejudice or predisposition existing in the prospective jurors' minds which would hamper their ability to impartially judge the defendant and afford her the presumption of innocence and the right to require the State to meet its burden of proof to which she was entitled under the law.
We hold that the trial court's disallowance of the above-quoted questions which defendant sought to ask prospective jurors constitutes curtailment of voir dire examination improper under State v. Jones, 282 So.2d 422 (La.1973). The inquiry which defendant sought to make was a reasonable effort to obtain information which would have facilitated the intelligent exercise of peremptory challenges and challenges for cause which the law affords a criminal defendant. The refusal to allow such inquiry amounts to an abuse of the discretion to delineate the scope of the voir dire examination with which the trial court is vested under La.Code of Criminal Procedure article 786.
For the reasons set forth, the defendant's conviction and sentence are reversed and the case is remanded for a new trial.
SANDERS, C. J., dissents for the reasons assigned by SUMMERS, J.
SUMMERS, J., dissents for the reasons assigned.
TATE, J., also assigns additional concurring reasons.
MARCUS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
During voir dire examination of prospective jurors defense counsel propounded this question to several who were under examination:
"Gentlemen, we have a serious drug problem in this state, in this country. Will that and the fact that this is a drug case in any way affect your impartial judgment in this case? Do you feel that a person charged with possession of a large quantity of Marijuana, for example, should satisfy you as to her innocence."
Whereupon the trial judge ruled that the question was not proper, admonishing counsel that he was again asking the jury to commit themselves in advance to a matter of evidence which was to be introduced during the trial. Bill 2 was reserved by defense counsel. The ruling is correct.
Broken down there are two questions involved. The first concerns generally whether, considering the pervasive and highly publicized nature of the drug problem, a juror's attitude, ideas, or opinions relative to this problem might affect his impartial judgment. This question was a predicate to the narrower query whether a person charged with a drug offense need satisfy the juror in such a case of his innocence, that is, whether the defendant would still be afforded his presumption of innocence.
In the first place, defense counsel had been advised that the point would be covered by the judge in his instructions to the jury, and it was for this reason repetitious. In addition, the general nature of the predicate unattended by the later narrower query was itself perhaps objectionable, since an antipathy or prejudice against the offense with which the defendant is charged is not necessarily a ground for challenge. State v. Guillory, 146 La. 434, *320 83 So. 754 (1920); V. Wharton's Criminal Procedure 1988 (1957).
The latter part of the interrogation, however, and the facts assumed in its design, although stated as a hypothesis, bore a striking similarity to the facts of the case at hand since the appellant here was shown by the evidence to be in possession of fourteen pounds of marijuana. In essence, the question was whether, under these facts, defendant would still be afforded the presumption of innocence, a repetitive question on the identical question concerning which the trial judge had promised instructions to the jury. It was an effort to elicit from the prospective jurors a commitment in advance on the evidence to be introduced at the trial. The question is, moreover, loaded in that it seeks to commit the prospective jurors to the proposition that no inference should be drawn from evidence that the defendant was in possession of a large quantity of marijuana. Obviously, such a position is an attempt to obviate the logical inference that a person in possession of a large quantity of marijuana intended to distribute the drug.
I am aware of the long-standing practice often attempted by trial counsel of trying their cases by their voir dire examination of the jury. The practice is in no sense compatible with fair trial standards. It is, to the contrary, inimicable to a fair trial, for it does not accomplish the objective of voir dire examination which is to provide an impartial and unbiased jury capable of understanding and intelligently assessing the evidence.
Interrogation on voir dire is often undertaken not with a view to challenging prospective jurors because of bias or prejudice, but to the end that bias and prejudice may be utilized to advantage. By this strategy jurors are cultivated and conditioned, both consciously and subconsciously, to be receptive to the cause of the examiner. Many excellent lawyers genuinely believe that their case has been determined by the time the jury is sworn and, when the voir dire examination is not properly regulated, they may well be correct. A voir dire examination which permits such a result, however, is neither sound in law nor in keeping with the ends of justice, both of which require that guilt or innocence be judged by the evidence presented at the trial not evidence obliquely insinuated, implied or assumed on voir dire. La.Code Crim. Proc. art. 790.
Impartiality is best attained by the assumption of an active role by the trial judge in the voir dire proceedings. This he may do by exercising, as was done here, rather than by abdicating, his broad discretionary power to restrict interrogation to that which is pertinent and proper for testing the capacity and competence of the jurors. This practice is in keeping with the directions the legislature has provided on the subject:
"The court, the state, and the defendant shall have the right to examine prospective jurors. The scope of the examination shall be within the discretion of the court. A prospective juror, before being examined, shall be sworn to answer truthfully questions asked him relative to his qualifications to serve as a juror in the case." La.Code Crim.Proc. art. 786. Cf. Robinson v. State, 297 N.E.2d 409 (Ind.1973).
It is for these reasons that our decisions have not permitted hypothetical questions relating to evidence which may or may not be submitted. State v. Williams, 230 La. 1059, 89 So.2d 898 (1956). Bower, Voir Dire, 5 Ark.L.Rev. 265 (1972). Thus hypothetical questions and questions of law which call for a prejudgment of any supposed case on the facts are not proper in the examination of jurors. State v. Square, 257 La. 743, 244 So.2d 200 (1971); State v. Wideman, 218 La. 860, 51 So.2d 96 (1951); State v. Smith, 216 La. 1041, 45 So.2d 617 (1950). Although hypothetical *321 questions as such are not necessarily objectionable, they become improper when their evident purpose is to have jurors indicate in advance what their decision will be under a certain state of the evidence, or upon a certain state of facts. State v. Henry, 197 La. 999, 3 So.2d 104 (1941). And it has generally been held that questions framed in ambiguous terms are not valid. State v. Faciane, 233 La. 1028, 99 So.2d 333 (1958); State v. Peltier, 229 La. 745, 86 So.2d 693 (1956); State v. Sanford, 218 La. 38, 48 So.2d 272 (1950).
In State v. Jones, 282 So.2d 422 (La. 1973), we concluded that the discretion of the district court in limiting the scope of the examination of prospective jurors is limited by the jurisprudence of this State as it existed at the time of the adoption of the Code of Criminal Procedure. At that time, as noted in State v. Hills, 241 La. 345, 129 So.2d 12 (1961), counsel in criminal cases were allowed a wide latitude in voir dire examination, and "the scope of inquiry is best governed by a liberal discretion on the part of the court." But in order to serve the laudable purpose the rule contemplates, this liberality must be wisely exercised under the facts and circumstances of each case. The minimum function of voir dire should be to obtain a neutral jury and thus allow no advantage to either side. Merritt & Wilson, Voir Dire in Pennsylvania, 32 U. of Pitt.L.Rev. 362 (1971); Braswell, Voir-Dire-Use and Abuse, 7 Wake Forest L.Rev. 49 (1970). It cannot be employed to defeat the ends of justice or the clear and explicit requirement that the evidence in the case be presented during the trial, not during voir dire examination of the jurors. La.Code Crim.Proc. art. 765.
Thus questions requiring advance commitment by prospective jurors on trial issues have been disallowed, State v. Harper, 260 La. 715, 257 So.2d 381 (1972), and questions to prospective jurors concerning their reaction to evidence which might be received at trial are held to be improper. See also State v. Williams, 230 La. 1059, 89 So.2d 898 (1956), where the court declared "It is not proper for counsel to interrogate prospective jurors concerning their reaction to evidence which might be received at the trial." Similarly, in State v. Oliver, 247 La. 729, 174 So.2d 509 (1965), defense counsel was prevented during the voir dire examination from asking a prospective juror whether the fact that a defense witness had been convicted of violating a narcotic law would prevent the juror from believing her under oath. In affirming the conviction this Court said:
"Counsel was without right to commit a prospective juror in advance as to his evaluation of the credibility of a defense witness. The query had no relevance to the juror's qualification to serve in the trial of the case nor was it calculated to determine whether the juror was biased against appellant."
Sound practical considerations underlie the principles announced here. Were it otherwise the voir dire examination would degenerate into a preview of the coming trial with only those jurors selected whose attitude in the case was fixed and acceptable. Impartiality would then no longer mark trial by juryan institution whose proper functioning is so vital to the preservation of liberty. The majority opinion denies the trial judge the discretion so necessary to the conduct of voir dire examinations.
I respectfully dissent.
TATE, Justice (concurring).
I concur. The curtailment of voir dire examination presents, as the majority indicates, at least a close question of undue restriction. State v. Jones, 282 So.2d 422 (La. 1973).
*322 My primary doubt as to the affirmance of the conviction, however, arises from the failure to allow impeachment of a witness. This witness had been called by the defendant. After consultation with the prosecutor during a recess, he invoked his Fifth Amendment privileges. On the state's cross examination, he admitted to this sequence of events; but then the prosecutor asked him whether the marijuana was his, to which he replied that it was not (which was antagonistic to the accused's defense).
The bill was taken to the denial of efforts by the defense to prove that the witness had informed the defense contrary to his statement given on the stand, as well as to disclosures that the accused was not even present all day at the house where the marijuana was found. The witness took the Fifth Amendment consistently.
The state may not secure from a witness who has taken the Fifth Amendment testimony adverse to an accused, yet permit the witness to rely on the Fifth Amendment insofar as the witness's testimony may be favorable to the accused's defense. State v. Soukup, 275 So.2d 179 (La.1973). The interest of the state in assuring justice and a fair trial precludes the use of unfair trial tactics, by which the state obtains only unfavorable testimony from a witness, yet is a party to a maneuver whereby the witness takes the Fifth Amendment insofar as circumstances favorable to the accused are within his knowledge. Cf. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 194, 10 L.Ed.2d 215 (1963).
For these reasons, I respectfully concur.
MARCUS, Justice (dissenting)
I respectfully dissent. In my view, there was no abuse of the much discretion vested in the trial judge in limiting the scope of voir dire examination in this case. Article 786, La.Code of Crim.P.